Patrick Gustav COLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–94–00740–CR.

Court of Appeals of Texas,
Dallas.

May 30, 1995.

John H. Hagler, Dallas, for Appellant.

Elizabeth Friday, Assistant District Attorney, Dallas, for Appellee.

Before BAKER, MALONEY, and HILL [1], JJ.

## OPINION

BAKER, Justice.

Appellant pleaded guilty to burglary of a building. Following the plea bargain agreement between appellant and the State, the trial court deferred appellant's adjudication of guilt. Later, appellant pleaded true to the State's motion to proceed with adjudication. There was no agreement about punishment. The trial court assessed a twenty-year sentence. Appellant contends the trial court violated his due process rights by predetermining the sentence the court would assess if appellant violated probation. He contends the adjudication judgment did not satisfy minimum due process requirements. Finally, he contends the trial court erred by not conducting a punishment hearing after the trial court adjudicated his guilt.

We conclude appellant did not preserve the due process claims for review. Appellant did not make a timely objection to either alleged error. Furthermore, a defendant may not appeal from the trial court's decision to proceed with adjudication of guilt. We overrule appellant's points of error. We affirm the trial court's judgment.

1. The Honorable John G. Hill, Former Chief Justice, Court of Appeals Second District of Texas at Fort Worth, sitting by assignment.

## THE PROCEDURAL HISTORY

The grand jury indicted appellant for burglary of a building. Appellant waived his right to a jury trial and made a plea bargain with the State. The trial court followed the plea bargain agreement. The trial court found that the evidence substantiated appellant's guilt. The trial court deferred adjudication of guilt and placed appellant on five years' probation and assessed a $500 fine.

Later, the State moved to proceed with adjudication of guilt. Appellant pleaded true to the State's motion. The court found the State's allegations true, granted the State's motion, and found appellant guilty. The trial court assessed a twenty-year sentence and a $500 fine.

## POINTS OF ERROR

In his first point of error, appellant contends the trial court violated his due process rights because the trial court predetermined the punishment it would assess if the court proceeded with adjudication of guilt.

In his second point of error, appellant contends the trial court's judgment did not satisfy minimum due process requirements. He argues the judgment violated his due process rights because the trial court did not state the reasons and evidence it relied on when it proceeded to adjudication.

In his third point of error, appellant contends the trial court erred by not conducting a separate punishment hearing after it adjudicated his guilt.

## APPLICABLE LAW

### A. Violation of Due Process—Predetermination of Punishment

A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment for an offense. The trial court also denies due process when it refuses to consider the evi-

dence and imposes a predetermined sentence. *McClenan v. State,* 661 S.W.2d 108, 110 (Tex.Crim.App.1983).

■ However, the defendant waives any due process complaint when he does not object to the punishment or to the failure to consider the evidence. Appellate courts do not consider any error counsel could have called but did not call to the trial court's attention when the trial court could have avoided or corrected the error. *Rogers v. State,* 640 S.W.2d 248, 264 (Tex.Crim.App. [Panel Op.] 1981) (op. on reh'g); *Cole v. State,* 757 S.W.2d 864, 866 (Tex.App.—Texarkana 1988, pet. ref'd). This rule applies to errors of constitutional dimension. *Rogers,* 640 S.W.2d at 264; *Cole,* 757 S.W.2d at 866.

### B. The Adjudication Judgment

■ A defendant may not appeal from the trial court's decision to proceed with adjudication of guilt. *See* Tex.Code Crim. Proc.Ann. art. 42.12, § 5(b) (Vernon Supp. 1995); *Russell v. State,* 685 S.W.2d 413, 417 (Tex.App.—San Antonio), *aff'd,* 702 S.W.2d 617, 618 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986). We have no jurisdiction to consider trial court error that occurs during the adjudication process. *Olowosuko v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App.1992); *Edwards v. State,* 835 S.W.2d 660, 663 (Tex. App.—Dallas 1992, no pet.).

### C. Failure to Conduct a Punishment Hearing After Adjudicating Guilt

■ After a trial court adjudicates a deferred finding of guilt, the trial court should conduct a punishment hearing. The trial court should allow the defendant an opportunity to present evidence. *See Issa v. State,* 826 S.W.2d 159, 161 (Tex.Crim.App. 1992). However, a defendant waives the alleged error if he does not timely object to the trial court's action or raise the objection in a motion for new trial. *See Borders v. State,* 846 S.W.2d 834, 835–36 (Tex.Crim.App.1992); *Christian v. State,* 870 S.W.2d 86, 88 (Tex. App.—Dallas 1993, no pet.).

## APPLICATION OF LAW TO THE FACTS

### A. Predetermination of Punishment

■ The record reflects that during the adjudication and sentencing proceeding appellant did not object to the trial court's action. He did not complain in a motion for new trial. The failure to object waived any error. Tex.R.App. P. 52(a); *Cole,* 757 S.W.2d at 866.

Appellant relies on this Court's decision in *Jefferson v. State,* 803 S.W.2d 470 (Tex. App.—Dallas 1991, pet. ref'd), to support his argument that the trial court's actions in this case denied him due process.

In *Jefferson,* the State argued the appellant did not request the trial judge to recuse himself and thus waived the error. We held in *Jefferson* that, once the judge assessed punishment based on factors such as his promised punishment, a recusal motion or an objection would be futile. *See Jefferson,* 803 S.W.2d at 472. The only complaint in *Jefferson* was the trial court's failure to recuse himself because of his bias in predetermining Jefferson's punishment. Because recusal was the only issue in *Jefferson,* we consider the statement that an objection would have been futile as dicta. We overrule appellant's first point of error.

### B. The Judgment

■ Appellant contends the trial court's judgment violates due process because it does not state the reasons or the evidence the court relied on to revoke appellant's probation. Under Texas law, a defendant may not appeal from the trial court's decision to proceed with adjudication of guilt. Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b) (Vernon Supp.1995); *Olowosuko,* 826 S.W.2d at 942. Appellant's complaint involves the hearing from which appellant cannot appeal. *Russell,* 702 S.W.2d at 618. We have no jurisdiction to consider appellant's second point. We dismiss it for want of jurisdiction.

### C. Punishment Hearing

■ Appellant neither objected to the lack of a punishment hearing when the trial court adjudicated his guilt nor moved for a

new trial on that ground. Appellant preserved nothing for review. TEX.R.APP.P. 52(a); *Christian*, 870 S.W.2d at 88. We overrule appellant's third point of error.

We affirm the trial court's judgment.

John G. HILL, J., dissenting.

John G. HILL, Justice, (Assigned) Dissenting.

I respectfully dissent because the trial court denied Cole's due process rights by failing to consider the full range of punishment prescribed by law, depriving the defendant of a fair and impartial tribunal at the punishment hearing. The predetermination is demonstrated by the trial court's threatening of a twenty-year sentence when Cole was placed on deferred adjudication probation, and then, at the hearing after the court proceeded with the adjudication of guilt, the trial judge said to Cole, "I told you that if you failed to report you were going to the penitentiary; didn't I tell you that?" Cole answered affirmatively. The trial court subsequently assessed his punishment at twenty years in the Texas Department of Criminal Justice, Institutional Division. The trial court violated Cole's right to due process. *See Jefferson v. State*, 803 S.W.2d 470, 472 (Tex.App.—Dallas 1991, pet. ref'd).

The majority does not hold that the trial court did not violate Cole's due process rights. It holds that Cole waived his right by failing to make an objection. As this Court pointed out in *Jefferson*, until the judge assesses punishment the defendant is entitled to assume that the judge will perform his solemn duty to assess punishment upon consideration of relevant evidence. *Id.* This Court also stated that once the judge assesses punishment based on factors such as his promised punishment period any recusal motion or an objection would be futile. *Id.* The majority does not refute the fact that an objection in this instance would be futile, nor does it directly contend that an objection is necessary even where its futility is apparent. Because I agree with this Court's conclusion in *Jefferson* that an objection is not necessary in this fact situation because the futility of such an objection is apparent, I would hold that Cole did not waive error by failing to

object. I would therefore sustain point of error number one and reverse for a new hearing on punishment.