NUMBER 13-01-066-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI-EDINBURG


 


HOMERO MARTINEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 




On appeal from the 36th District Court of San Patricio County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Justice Yañez




By one point of error, Homero Martinez appeals his sentence of ten years confinement for aggravated sexual assault of a child. (1) We
affirm.

On October 16, 1998, appellant entered a plea of guilty pursuant to a plea bargain. The trial court followed the plea bargain and
deferred adjudication by placing the appellant on community supervision for ten years. The State filed its first motion to revoke
because appellant accompanied a minor without the presence of the minor's parent or parents, in violation of a condition of his
community supervision. The motion was dismissed soon thereafter. On June 16, 2000, the State filed its second motion to revoke on
grounds that appellant had violated the conditions of his community supervision by: entering a bar, consuming alcohol on two
different dates, and violating his curfew. At the hearing, the following conversation took place:

COURT: Mr. Martinez, what's going to happen to you if you come back to Court and you've violated your probation again?


MARTINEZ: It won't happen again sir.


COURT: No. What's going to happen to you if you violate your probation again and you stand before this Court for a violation of
the terms and conditions of probation?


MARTINEZ: I go to prison.


COURT: Yes, sir. Can you say the number "twenty-five"?


MARTINEZ: Yes, sir. Twenty-five.


COURT: You think about that number and you think about twenty-five Christmases. You think about your age in prison. Because,
Mr. Martinez, that's the number that I've been toying with since this hearing began this morning. Any questions?


MARTINEZ: No, sir.


COURT: Don't come back here.


MARTINEZ: Yes, sir.


COURT: Good luck to you.


MARTINEZ: Thank you.


At the conclusion of that hearing, the trial court continued community supervision with some additional conditions.

The State's third motion to revoke probation was filed on grounds that appellant had violated the conditions of his community
supervision by twice going within 1,000 feet of a public or private school, public park or place of business intended to cater to
minors. At the hearing on December 29, 2000, the appellant entered a plea of true. The court proceeded to adjudicate and found him
guilty of aggravated sexual assault. The court then sentenced the appellant to confinement for a ten-year term. In doing so, the
following discussion transpired:

COURT: I have reviewed the file, heard the evidence here today and found the allegations brought against you to be true.


In my review of the file I find that this is not the first time that you have been brought before the Court. In fact, this is the third time
that you have been arrested on motions to revoke. One of those motions was dismissed, one of those motions was heard by me this
summer basically six months ago.


And I actually made a docket notation, and I think I had a conversation with you. My docket notation says that the defendant was
strongly admonished not to violate community supervision again.


Do you remember that conversation?


MARTINEZ: Yes, sir.


COURT: Okay, You have had three different attorneys over the three different hearings that you have come before the Court. And I
suspect, and I don't know, the reason for that is because lawyers who stand before me can't make the same argument twice, but a
fresh lawyer gets to make the same argument another time.


I'm proceeding to adjudicate in this case, finding you guilty of the offense previously charged in this matter, assessing your
punishment at ten years' [sic] confinement in prison along with a $2,500 fine and costs of court.


Do you understand my order?


MARTINEZ: Yes, sir.


COURT: Do you have any reason that this sentence should not be pronounced at this time?


MARTINEZ: No, sir.

Raising the issue for the first time on appeal, appellant contends that the trial court failed to consider mitigating evidence and
imposed a predetermined punishment. (2) This issue was recently decided in Hull v. State, 67 S.W.3d 215, 216-18 (Tex.
Crim. App. 2002). We follow the decision in that case, and hold that appellant waived his complaint by not objecting
during the adjudication proceeding.

It is a denial of due process for the trial court to arbitrarily refuse to consider the entire range of punishment for an
offense or to refuse to consider mitigating evidence when imposing punishment. See McClenan v. State, 661 S.W.2d
108, 110 (Tex. Crim. App. 1983) (analyzing a court's refusal to consider the entire range of punishment as grounds for
recusal motion). However, appellate courts will not consider any error that counsel could have, but did not call to the
attention of the trial court when such error could have been avoided or corrected. See Rogers v. State, 640 S.W.2d
248, 263-64 (Tex. Crim. App. 1982) (op. on second reh'g) (holding that the defendant waived any due process challenge
to sentencing procedures by not objecting at the time of the hearing). This rule applies to constitutional errors. Id. at
264; Cole v. State, 931 S.W.2d 578, 579-80 (Tex. App.-Dallas 1995, pet. ref'd).

This rule has been codified by Texas Rule of Appellate Procedure 33.1, which provides that "as a prerequisite to presenting a
complaint for appellate review," a timely request, objection or motion must be made and ruled upon by the trial court. Tex. R. App.
P. 33.1; Hull, 67 S.W.3d at 217. "This rule ensures that trial courts are provided an opportunity to correct their own mistakes at
the most convenient and appropriate time-when the mistakes are alleged to have been made." See Hull, 67 S.W.3d at 217; Vidaurri
v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001).

Appellant did not object to the alleged predetermined sentence until his direct appeal. See Hull, 67 S.W.3d at 217. He made no
objection to the trial judge's statements at the hearing on the second motion to revoke. See id. Neither did appellant object when his
probation was finally revoked and his sentence announced. See id. Furthermore, the trial court explicitly offered appellant an
opportunity to challenge the sentence with the question, "Do you have any reason that this sentence should not be pronounced at this
time?", but appellant answered, "No, sir." He has waived any error. See Fielding v. State, 719 S.W.2d 361, 367 (Tex. App.-Dallas
1986, pet. ref'd) ("Appellant's failure to timely object or file a recusal motion waived the error, if any") (citing Rogers, 640 S.W.2d
at 264). (3)

Thus, we conclude that appellant did not preserve the issue. See Hull, 67 S.W.3d at 217. As such, appellant's single point of error
cannot be considered for review.

We affirm the trial court's judgment.


 

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

3rd day of October, 2002.

1. Tex Pen. Code Ann. § 22.021(a)(2)(B) (Vernon 1994).
2. While the challenge to the trial court's decision to adjudicate is not reviewable under the bar of article 42.12, §5b, appellant
does not raise such a challenge. Rather, he challenges the trial court's assessment of punishment-a challenge we may consider. Tex.
Code Crim. Proc. Ann. art. 42.12, §5b (Vernon Supp. 2002) ("[a]fter an adjudication of guilt, all proceedings, including assessment
of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if adjudication of
guilt had not been deferred."); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (holding a defendant does have a limited
right to challenge errors made following a determination to adjudicate).

Similarly, appellant's failure to comply with rule of appellate procedure 25.2(b)(3) presents no jurisdictional bar since he challenges
an issue unrelated to his conviction-the process by which he was sentenced. Tex. R. App. P. 25.2(b)(3) (providing that in appeal
from negotiated plea, notice must specify that appeal is for jurisdictional defect, that substance of appeal was raised by
written motion and ruled on before trial, or that trial court granted permission to appeal); Vidaurri v. State, 49 S.W.3d 880,
886 (Tex. Crim. App. 2001).
3. There are circumstances in which defendant/appellants are not required to object in order to preserve such error. At a
revocation hearing, if the judge does nothing more than refer to his previously promised punishment and then assesses that exact
punishment, the defendant could not know until after the fact that he needed to request recusal. See Jefferson v. State, 803 S.W.2d
470, 472 (Tex. App.-Dallas 1991, pet. ref'd). That is not the case here, though, as the judge's assessment does not appear from the
record to be so "abrupt" that appellant would not have been able "to recognize [whether] the assessment of punishment would be
based on factors other than the evidence." Id.