Affirmed and Memorandum Opinion filed October 19, 2004









Affirmed and Memorandum Opinion filed October 19, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00966-CR

NO. 14-03-00967-CR

_______________

 

JERRY SHERMAN TAYLOR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 21st District Court

Burleson County, Texas



Trial Court Cause Nos. 12,527 & 12,579

 



 

M E M O R A N D U M   O P I N I O N

 

Jerry
Taylor appeals two convictions for possession or transport of chemicals with
intent to manufacture a controlled substance (no. 12,527) and manufacture of a
controlled substance (no. 12,579) on the grounds that the trial court: (1) denied
him due process of law by imposing a predetermined sentence; and (2) erred in
admitting opinion testimony during the punishment phase.  We affirm.








Appellant=s first point of error contends that
the trial court violated his due process rights by imposing a predetermined
sentence, as reflected by the court=s admonishment to appellant upon accepting
his guilty plea:

THE
COURT:            You understand if you=re found guilty in either or both of these cases and
you plea [sic] true to the enhancement paragraph in Cause No. 12,527, in both
of these cases if you=re found guilty, the enhancement paragraph, you=re ordered to serve 28 years in the State Penitentiary
and/or be sentenced to life imprisonment and/or pay a fine. Do you understand
that?

 

There was no plea
bargain regarding the length of sentence, and, after a presentence
investigation, the trial court sentenced appellant to twenty-eight years
confinement for each offense.

In
order to preserve a complaint for appellate review, including a denial of due
process by imposing a predetermined punishment, a timely objection must be made
to call the matter to the attention of the trial court.  See Tex.
R. App. P. 33.1(a); Cole v. State, 931 S.W.2d 578, 579B80 (Tex. App.CDallas 1995, pet. ref=d). 
Because appellant has not cited, and we have not found, any portion of
the record at which he raised this complaint in the trial court, his first
point of error presents nothing for our review and is overruled.

Appellant=s second point of error contends that
the court erred in allowing opinion testimony by Virginia Trepagnier, a deputy
with the Harris County Sheriff=s Department, based on the following exchange:

Q.        And the Court has the report, but were
you able to determine when you first investigated this lab and dismantled it
approximately how much methamphetamine it was capable of producing?

A.        We estimate.  A lot of times we=re under the amount, but yes, we estimate.

Q.        And do you recall what you estimated on
this particular one?

[DEFENSE COUNSEL]:      Objection, that calls for speculation.

THE
COURT:            Do you have an opinion?








A.        Yes, sir.

THE COURT: Go ahead.

A.                
Between 400-600
grams.

 

Appellant=s brief does not clearly specify why
it contends this evidence was erroneously admitted.  However, a complaint on appeal that does not
comport with the objection at trial presents nothing for our review.  See Routier v. State, 112 S.W.3d 554,
586 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 2157 (2004).  If anything, appellant=s brief challenges only whether Trepagnier
was qualified to testify as an expert, not why the question objected to calls
for speculation, as ruled upon by the trial court.  Because an objection based on speculation
does not preserve a challenge to a witness=s qualifications to testify as an
expert,[1]  appellant=s second point of error presents
nothing for our review and is overruled. 
Accordingly, the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed October 19, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           See
In re M.D.S., 1 S.W.3d 190, 202 (Tex. App.CAmarillo
1999, no pet.).