MEMORANDUM OPINION


No. 04-04-00233-CR

Amador DE LEON,
Appellant

v.

The STATE of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 1997-CR-3676A
Honorable Mark Luitjen, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   April 6, 2005

AFFIRMED
            Amador De Leon appeals the trial court’s judgment adjudicating his guilt and sentencing him
to thirty years imprisonment. De Leon contends that his punishment violates the constitutional
prohibitions against cruel and unusual punishment and his due process rights. Alternatively,
De Leon contends that trial counsel was ineffective in failing to object to his sentence on the
constitutional grounds presented on appeal. Because the issues in this appeal involve the application
of well-settled principles of law, we affirm the trial court’s judgment in this memorandum opinion. 
See Tex. R. App. P. 47.4.
            De Leon did not object to his punishment at trial or raise any constitutional complaints
regarding his punishment in a motion for new trial. Accordingly, De Leon’s constitutional
complaints were not preserved for appellate review. See Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (cruel and unusual punishment complaint not preserved); Castaneda v. State, 135
S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.) (cruel and unusual punishment complaint not
preserved); Cole v. State, 931 S.W.2d 578, 579-80 (Tex. App.—Dallas 1995, pet. ref’d) (defendant
waives any due process complaint when he does not object to the punishment). Even if De Leon had
preserved his cruel and unusual punishment complaint for our review, his complaint would be
without merit. De Leon’s sentence falls within the range of punishment for the offense with which
he was charged and to which he pled guilty; therefore, his sentence does not constitute cruel and
unusual punishment under the Texas Constitution. See Tex. Pen. Code Ann. § 12.32 (Vernon
2003); Hernandez v. State, No. 04-03-00453-CR, 2004 WL 1336066, at *1 (Tex. App.—San
Antonio June 16, 2004, no pet.) (not designated for publication). “And, because this is not an
‘extreme’ or ‘extraordinary’ case, the gross disproportionality principle of the Eighth Amendment
does not apply.” Hernandez, 2004 WL 1336066, at *1 (citing Lockyer v. Andrade, 538 U.S. 63
(2003)). De Leon’s first and second points of error are overruled.
            Alternatively, De Leon argues that trial counsel was ineffective in failing to object to the
punishment. To prevail on a claim of ineffective assistance of counsel, De Leon must first show by
a preponderance of the evidence that counsel’s performance was deficient, i.e., that his assistance
fell below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808, 812-13 (Tex.
Crim. App. 1999). In addition, De Leon must show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Id. There is a strong
presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. 
Id. at 813. To defeat the presumption of reasonable professional assistance, any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Id. at 814.
            In this case, the record is silent with regard to counsel’s reasons for not objecting. Perhaps
counsel chose not to object because the sentence was within the range of punishment permitted by
statute. See Tex. Pen. Code Ann. § 12.32 (Vernon 2003) (providing range of punishment from 5
years to 99 years or life); see also Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App.
1999) (trial court proceeding to adjudication is restricted in the sentence it imposes only by the
relevant statutory limits). Ineffective assistance of counsel claims, however, are not built on
retrospective speculation; they must be firmly founded in the record. Bone v. State, 77 S.W.3d 828,
835 (Tex. Crim. App. 2002). To find De Leon’s trial counsel ineffective without a proper record
exploring counsel’s trial strategy would require this court to speculate as to counsel’s motivation and
reasoning, which we may not do. See id. Because the record is silent, the presumption of reasonable
professional assistance has not been defeated. De Leon’s third point of error is overruled.
            The trial court’s judgment is affirmed.
 
Phylis J. Speedlin, Justice

DO NOT PUBLISH