

## NUMBER 13-07-00388-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ALBERT AYSON,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                       Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Albert Ayson, appeals from the trial court's revocation of his deferred adjudication community supervision. By one issue, appellant contends that the trial court violated his right to due process. We dismiss for want of jurisdiction.

## I. Background

Ayson pleaded guilty to five counts of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon 2003). The trial court deferred adjudication and sentenced him to community supervision for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2007). The State filed an original motion to revoke Ayson's community supervision alleging that he "failed to participate in treatment by continuing to engage in deviant sexual behavior." Ayson pleaded "true" to the allegation and, following an agreed recommendation, the trial court sanctioned Ayson and extended his community supervision.

The State then filed a motion requesting reconsideration of its motion to revoke. In its motion, the State asked the trial court to revoke Ayson's community supervision and adjudicate him guilty. The trial court granted the motion to reconsider and held a new hearing on the motion to revoke. Following Ayson's plea of "not true," the trial court found that the allegation in the State's original motion to revoke was true. The trial court revoked Ayson's community supervision, adjudicated him guilty of five counts of indecency with a child, and sentenced him to twenty years in jail.

## II. Jurisdiction

In his sole issue, Ayson complains that his right to due process was violated when the trial court granted the State's motion to reconsider, and revoked his community supervision, and adjudicated him guilty. The State contends that this Court does not have jurisdiction over Ayson's appeal. We agree.

The trial court's adjudication of Ayson's guilt occurred on June 14, 2007. At that time, article 42.12, section 5(b) of the Texas Code of Criminal Procedure, the statute

2

applicable to appeals of adjudications of guilt, was strictly interpreted to mean that the courts of appeals did not have jurisdiction to consider claims relating to the trial court's determination to proceed with an adjudication of guilt on the original charge.[1] *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). "With regard to deferred adjudication, the Legislature authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment pursuant to an adjudication of guilt." *Id.* at 711.

Ayson's complaint in this appeal is that the trial court reconsidered its original decision to return him to probation, and proceeded to revoke his community supervision and adjudicate him guilty, without a determination that he committed a new violation of probation. This relates to the determination to proceed with a guilty finding on the original charge. *See Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.–Dallas 1995, pet. ref'd) (dismissing the appeal for lack of jurisdiction when the appellant contended that his due process rights were violated because the judgment did not state the reasons or the evidence the trial court relied on to revoke his community supervision). Ayson merely contests the basis underlying the trial court's determination, which is prohibited by article

---

[1] Article 42.12 section 5(b) was amended in 2007. Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 53, 2007 Tex. Gen. Laws 4395, 4413 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2007)). The amended statute now "permits an appeal of a court's decision to proceed to an adjudication of guilt." *Durgan v. State*, 240 S.W.3d 875, 878 (Tex. Crim. App. 2007); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp 2007). The act amending section 5(b) provides:

> Subsection (b), Section 5, Article 42.12, Code of Criminal Procedure, as amended by this Act, applies to a hearing conducted under that section on or after the effective date of this Act, regardless of when the adjudication of guilt was originally deferred or when the offense giving rise to the grant of deferred adjudication community supervision was committed.

*Id.* § 53, 2007 Tex. Gen. Laws at 4413. The act took effect on June 15, 2007. *Id.* § 68, 2007 Tex. Gen. Laws at 4414. The trial court conducted Ayson's hearing on June 14, 2007; therefore, former article 44.12 applies.

42.12, section 5(b). We therefore lack jurisdiction to address his appeal. *See Davis*, 195 S.W.3d at 710.

III. Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction.

_____

_____
NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 5th day of June, 2008.