NO. 07-09-0132-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 23, 2009
_____

MARIO GARZA, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16,656-0602; HON. ED SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mario Garza, Jr. was convicted of possession of a controlled substance per his guilty plea and was sentenced on June 9, 2006, to five years confinement. The sentence then was suspended, and the trial court placed him on community supervision for five years. In September 2007, the State moved to revoke that supervision. Furthermore, appellant pled true to the allegations at the revocation hearing. This ultimately resulted in the trial

court granting the State's motion, revoking appellant's community supervision, and sentencing him to five years imprisonment.

Through one issue, appellant argues that the trial court denied him due process because it predetermined the sentence without considering the alleged mitigation evidence he proffered or alternatives to revocation. We overrule the issue because appellant failed to raise it below. Such was and is required of one desiring to complain on appeal about the punishment assessed or the trial court's purported failure to consider evidence. *Cole v. State*, 931 S.W.2d 578, 579-80 (Tex. App.–Dallas 1995, pet ref'd); *accord Brumit v. State*, No. 07-03-0462-CR, 2004 Tex. App. LEXIS 10893 at *4-5 (Tex. App.–Amarillo December 2, 2004), *aff'd on other grounds*, 206 S.W.3d 639 (Tex. Crim. App. 2006) (not designated for publication) (so concluding); *see also Hull v. State*, 67 S.W.3d 215, 217-18 (Tex. Crim. App. 2002) (acknowledging that one must object before the trial court to preserve complaints about the trial court predetermining the decision to revoke probation).

We further note that absent a clear showing of bias, a trial court's actions will be presumed correct. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Here, we have no such "clear showing of bias." That the trial court did not do what appellant wanted or what his probation officer recommended, without more, falls short of proving bias. This is so because that court (not appellant or the probation officer) has the discretion to decide whether to grant or deny a motion to revoke community supervision, *Hart v. State,* 264 S.W.3d 364, 372 (Tex. App.–Eastland 2008, pet. ref'd), and that discretion is "substantially absolute." *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979); *accord Hernandez v. State*, No. 07-04-0372-CR, 2005 Tex. App. LEXIS 9221

2

at *3 (Tex. App.–Amarillo November 4, 2005, no pet.) (not designated for publication) (so concluding). More importantly, the trial judge here revoked appellant's supervision and levied sentence after stating that his decision was "based upon [appellant's] plea of true and the testimony I've [heard]. . . ." That, at the very least, suggests it considered what was tendered by all involved, including appellant. Finally, due process does not require a court to indicate on the record that it considered alternatives to revocation. *Atchison v. State,* 124 S.W.3d 755, 759 (Tex. App.–Austin 2003, pet. ref'd), *citing Black v. Romano,* 471 U.S. 606, 616, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). Simply put, we see no "clear showing of bias" in the record before us.

Accordingly, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.