

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00012-CR
_____

CLEON SMITH, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th Judicial District Court
Gregg County, Texas
Trial Court No. 40,826-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Cleon Smith, Jr., claims the trial court failed to consider deferred adjudication when Smith entered his open plea of guilty.[1]  Finding nothing in the record to support this claim, and noting that Smith made no objection to the ruling, we overrule this point of error.  We affirm the trial court's judgment and sentence.

## I.	Facts

Smith pled guilty to the charge of burglary of a habitation.  There was no negotiated plea agreement in place; the State urged the trial court to sentence Smith to ten years' incarceration.[2]  Through his attorney, Smith asked the trial court to grant community supervision to any sentence, consider some jail time as a condition of supervision, or consider deferred adjudication and "hold the whole range of punishment over his head."  After hearing testimony, reviewing a presentence investigation report, and considering arguments of counsel, the trial court stated, "Your pre-sentence and the fact that you were on [community supervision] did not suggest that you would be a good candidate for another [community supervision], so I'm going to assess your sentence at five years confinement in the Institutional Division of the Texas Department of Criminal Justice."  Smith made no objection to the trial court's sentence.  He filed a motion for

---

[1]In his second point of error, Smith alleges that "[t]he civil rights of an accused are affected differently by each form of community supervision, it was error for the trial court not to consider those differences in assessing punishment." We interpret this as an additional argument that the trial court erred in failing to consider deferred adjudication community supervision.

[2]Smith was twenty-two years old at the time of his trial; he admitted having several juvenile adjudications for such offenses as theft, public lewdness, and riot participation. When he participated in the burglary to which he was pleading, he was on misdemeanor community supervision for possession of marihuana and evading arrest.

new trial, but that motion only complained of the sufficiency of the evidence and did not allege the trial court failed to consider deferred adjudication.

## II. Appellate Complaint Not Preserved

A trial court has the authority "without entering an adjudication of guilt" to defer further proceedings and place a defendant on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2012). In his written request for community supervision, Smith only requested that "in the event of my conviction" he be placed on community supervision. But in his argument to the trial court, Smith asked the court to consider placing him on community supervision or deferred adjudication community supervision. Although the trial court did not specifically use the phrase deferred adjudication, he told Smith he would consider Smith's request for community supervision, but was under no compulsion to grant that or to follow the State's recommendation. Citing the fact Smith was on community supervision when he committed the instant offense, the trial court declined community supervision for the current charge and ordered Smith incarcerated for five years. Smith made no objection to the sentence; he did not claim the trial court failed to consider deferring adjudication of the pending burglary charge; and he did not claim that his civil rights would be affected differently by a different form of community supervision. Having failed to object to the trial court's sentence, Smith did not preserve the appellate complaints he now makes. *See* TEX. R. APP. P. 33.1; *see also Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd) (defendant failed to preserve error that trial court arbitrarily refused to consider entire range of punishment because he failed to make timely objection); *Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.—Dallas 1995, pet.

3

ref'd).  Because Smith did not preserve either of the complaints he presents in his appellate brief, there is nothing for us to review.

We affirm the trial court's judgment and sentence.


Jack Carter
Justice

Date Submitted:     October 4, 2012
Date Decided:       October 5, 2012

Do Not Publish