

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00408-CR

**KIMBERLY DAWN JENKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F46989**

## MEMORANDUM OPINION

In one issue, appellant, Kimberly Dawn Jenkins, challenges the punishment assessed as a result of the revocation of her community supervision. We affirm.

### I.     BACKGROUND

In December 2012, appellant was charged by indictment with unlawful possession of a controlled substance, methamphetamine, in an amount less than one gram, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). Pursuant to a plea bargain with the State, appellant pleaded guilty to the charged

offense. The trial court deferred a finding of guilt and placed appellant on deferred-adjudication community supervision for five years.

Approximately three months after the trial court placed appellant on community supervision, the State filed a motion to adjudicate guilt, alleging that appellant had violated the terms and conditions of her community supervision by failing to abstain from the illegal use of controlled substances, failing to report to her supervision officer, failing to submit to urinalysis tests, and failing to complete community service. In particular, the State alleged that appellant attempted to falsify a urinalysis test on or about July 17, 2013.

On October 8, 2013, the trial court conducted a hearing on the State's motion to adjudicate guilt. At the beginning of the hearing, appellant pleaded "true" to the allegations made in the State's motion to adjudicate guilt. After admonishing appellant, and accepting her plea, the trial court found appellant guilty of the underlying offense and proceeded to punishment.

During the punishment portion of the hearing, appellant testified that she smoked marihuana and used methamphetamine upon her release from the Tarrant County jail. She also noted that she learned how to "fake a UA" while incarcerated. Appellant acknowledged trying to falsify a urinalysis test by using urine that was concealed in a pill bottle in her vagina. The State's witness, Amanda Hendrick, testified that the State recommended the SAFPF program for appellant. However, appellant stated that she did not need drug rehabilitation and that the SAFPF program "wasn't

going to work for [her]." Moreover, appellant agreed that she would just sit there and not participate in the SAFPF program, even if it was ordered by the trial court.

Later, appellant testified that she has changed her life by enrolling in school and obtaining a job with a "family business." Appellant did not produce evidence supporting her contention that she had a job. Additionally, appellant admitted on cross-examination that she had only attended one week of classes at Everett College in Fort Worth, Texas, though she had allegedly paid about $2,500 for books. Appellant also testified that she has three children and that the children live with their father. When asked about her plans for her children, appellant emphasized the following:

> Because I worked so hard to get where I am now, and I did it in a short period of time. So I know that I'm strong enough, and when I'm back at home and I have my family support now, I'm going to—I'm going to be busy working, doing community service, going to school, bettering myself for me and my children; that to put it all on hold to go through this SAFPF, it's going to hurt me, I feel, because I'm there. I've already—I've got the ball rolling already.

At the conclusion of the hearing, the trial court assessed punishment at two years' incarceration in the State-Jail Division of the Texas Department of Criminal Justice.[1] The trial court certified appellant's right of appeal, and this appeal followed.

---

[1] As noted above, appellant was charged with a state-jail felony and received a two-year sentence. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). Under section 12.35(a) of the Texas Penal Code, the punishment range for a state-jail felony is "confinement in a state jail for any term of not more than two years or less than 180 days." TEX. PENAL CODE ANN. § 12.35(a) (West 2011). Accordingly, appellant's sentence was within the statutorily-prescribed punishment range. *See id.*; *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (noting that the trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered"); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) ("Generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment.").

## II.    ANALYSIS

In her sole issue on appeal, appellant contends that the trial court violated her due-process rights under the United States and Texas Constitutions when it refused to consider the entire range of punishment or mitigating evidence when determining punishment.

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. "The touchstone of due process is fundamental fairness." *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S. Ct. 1756, 1763, 36 L. Ed. 2d 656 (1973); *Webb v. State*, 161 Tex. Crim. 442, 278 S.W.2d 158, 160 (1955)).

A trial court's refusal to consider the entire range of punishment violates due process. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005) (per curiam). The trial court also denies due process when it refuses to consider the evidence and imposes a predetermined sentence. *Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.—Texarkana 1995, pet. ref'd). "Texas trial courts have wide discretion in determining the proper punishment in a revocation hearing, but due process guarantees a defendant the right to a hearing before a neutral and detached hearing body." *Ex parte Brown*, 158 S.W.3d at 454 (internal citations & quotations omitted). "The decision of what particular punishment to assess within the statutorily prescribed range for a given offense is a normative, discretionary function." *Barrow v. State*, 207 S.W.3d 377, 379-80 (Tex. Crim. App. 2006). "Subject only to a very limited, exceedingly rare, and somewhat

amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the jury's (or trial court's in a bench trial) informed normative judgment, is unassailable on appeal." *Id.* at 381 (internal citations & quotations omitted).

Generally, to preserve error for appellate review, a complaining party must make a timely and specific objection in the trial court and obtain a ruling. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Preservation is required for due-process complaints. *See Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."); *see also Harris v. State*, 160 S.W.3d 621, 625 (Tex. App.—Waco 2005, pet. dism'd) (stating that a due-process complaint that the trial judge had predetermined the sentence must be preserved for appellate review by a timely objection). The preservation rule "ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).

Here, appellant admits and the record reflects that she did not object to the assessed punishment in the trial court. In fact, appellant first raises her due-process complaint on appeal. Because appellant did not object to the assessed punishment in the trial court, we conclude that appellant has failed to preserve her due-process complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson*, 71 S.W.3d at 349;

*see also Anderson*, 301 S.W.3d at 280; *Harris*, 160 S.W.3d at 625. Accordingly, we overrule appellant's sole issue on appeal.

## III. CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice


Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed June 5, 2014
Do not publish
[CR25]