Opinion filed July 3, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00221-CR
_____

## ANDRES JAVIER VASQUEZ A/K/A
## ANDRES RAGAN VASQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 432nd District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1155276D**

## M E M O R A N D U M   O P I N I O N

Andres Javier Vasquez a/k/a Andres Ragan Vasquez pleaded guilty to the offense of intentionally or knowingly committing injury to a child causing bodily injury. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2013). The trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for a term of five years. Subsequently, the State moved to adjudicate

Appellant's guilt based upon allegations that Appellant had violated a term and condition of his community supervision. After a hearing, the trial court adjudicated Appellant's guilt of the original offense and assessed his punishment at confinement for eight years. Through one issue on appeal, Appellant contends that his sentence violated his right to due process under the Fourteenth Amendment to the United States Constitution. We modify and affirm.

## I. *Background*

One of the terms of Appellant's community supervision required him to avoid harmful contact with CV, Appellant's minor son, who was the victim in the underlying case. In its petition to adjudicate, the State alleged that Appellant had recently had injurious contact with CV. At the hearing on the motion, Appellant pleaded "true" to the allegation. After hearing evidence from the State and Appellant, the trial court sentenced Appellant to confinement for a term of eight years.

## II. *Analysis*

Appellant contends that his sentence violated his due process rights under the Fourteenth Amendment. Appellant claims that his punishment was fundamentally unfair due to the fact that the trial court clearly refused to consider the mitigating evidence he presented during the hearing. In response, the State argues that, because Appellant did not object to a due process violation in open court or in his motion for new trial, he has failed to preserve the complaint on appeal.

Texas Rule of Appellate Procedure 33.1(a) provides in part that, as a prerequisite to presenting a complaint for appellate review, a timely request, objection, or motion must be made and ruled upon by the trial court. TEX. R. APP. P. 33.1(a). This requirement ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made. *See Vidaurri v. State*, 49

S.W.3d 880, 886 (Tex. Crim. App. 2001); *Aguilar v. State*, 26 S.W.3d 901, 905–06 (Tex. Crim. App. 2000). This requirement applies even when the issue on appeal alleges a deprivation of due process. *Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.—Dallas 1995, pet. ref'd) (stating that "the defendant waives any due process complaint when he does not object to the punishment or to the failure to consider the evidence").

Appellant makes the due process argument for the first time on appeal. Appellant did not object when the trial court pronounced his sentence. Moreover, in his motion for new trial, Appellant argued only that his sentence was "unreasonable and unsupported by the facts presented." Appellant has therefore failed to preserve the issue for our review. *See* TEX. R. APP. P. 33.1(a).

Even if we were to assume, without deciding, that the issue was preserved for our consideration, we find no merit in Appellant's claim. Due process requires trial courts to be neutral and detached in assessing punishment. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial court denies a defendant due process when it refuses to consider the evidence and imposes a predetermined sentence or when it arbitrarily refuses to consider the full range of punishment available for an offense. *See McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Absent a clear showing to the contrary, we presume that the trial court was neutral and detached in assessing punishment. *See Brumit*, 206 S.W.3d at 645; *Jaenicke*, 109 S.W.3d at 796.

At the hearing on the petition to adjudicate his guilt, Appellant presented evidence of his compliance with most of the conditions of his community supervision, and he now argues that his eight-year sentence proves that the trial court ignored this mitigating evidence. Appellant's argument fails to give effect to the aggravating evidence presented to the trial court, which included testimony by

the victim detailing the physical assaults he suffered at the hands of Appellant and the victim's statement that he wanted Appellant to go to prison.

The range of punishment for the offense at issue in this case is two to ten years' confinement, and Appellant's sentence of eight years' confinement is within this range. *See* PENAL § 12.34 (West 2011), § 22.04(f). Because nothing in the record indicates that the trial court ignored Appellant's mitigating evidence or that it arbitrarily refused to consider the full range of punishment available, we conclude that Appellant's due process rights were not violated in this case. Accordingly, Appellant's sole issue is overruled.

### III. *Modification of Judgment*

We note that the judgment adjudicating guilt reflects that Appellant was convicted of the offense of intentionally or knowingly committing the offense of "JURY" to a child causing bodily injury. We modify the judgment to correct that mistake. *See* TEX. R. APP. P. 43.2.

### IV. *This Court's Ruling*

We modify the judgment of the trial court to reflect that Appellant was convicted of the offense of "INTENTIONALLY OR KNOWINGLY COM-MITTING THE OFFENSE OF INJURY TO A CHILD CAUSING BODILY INJURY." As modified, the judgment is affirmed.


MIKE WILLSON

JUSTICE

July 3, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4