**AFFIRM; and Opinion Filed July 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01300-CR

**RAUL ROBERT RICOY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-54024-P**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

Raul Robert Ricoy appeals the trial court's judgment adjudicating his guilt for aggravated assault with a deadly weapon and sentencing him to twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant contends the trial court abandoned its role as a neutral and detached magistrate, violating his due process rights under the United States and Texas constitutions. He also contends the trial court failed to consider the entire range of punishment options when assessing his punishment because the court had pre-determined that, upon a violation of the conditions of his probation, appellant would receive a lengthy prison sentence. We affirm the trial court's judgment.

On July 1, 2011, appellant pleaded guilty and judicially confessed to aggravated assault with a deadly weapon. The record indicates this original offense involved choking a woman until she was unconscious. The trial court placed appellant on deferred adjudication probation

for four years in accordance with appellant's plea bargain. But at the hearing the judge made several remarks about the case, including: "I don't like this case," and "really you should be in prison for it." The judge told appellant:

> And I want to tell you this right now, you got 20 years hanging over you. If you don't do what this Court tells you to do, then I can give you that 20 years, and I want you to understand that I will not hesitate.

The following year, the State moved to adjudicate appellant's guilt. The motion cited a list of probation conditions with which appellant had been non-compliant, including reporting, maintaining employment, and attending required BIPP classes.[1]

At the hearing on adjudication, testimony also established appellant had been arrested again while he was on probation, this time for assaulting his common-law wife. Appellant and his wife testified and asked the judge to continue him on probation. The judge acknowledged on the record that she was angry with appellant because of his behavior while on probation. She reminded appellant that his range of punishment ran to twenty years and said that—if she were to sentence him when she was angry—she might give him fifteen years. The judge stated she would wait a day to sentence him so she could consider the sentence, because she "might be leaning too harsh." The hearing continued the next day, and the judge ultimately assessed appellant's punishment at twelve years in prison. He appeals.

Initially, it is undisputed that appellant did not object to any of the trial court's comments. Nor did he object to the sentence when it was assessed or in a motion for new trial. The State argues his appellate issues are waived. Our rules of appellate procedure instruct that "as a prerequisite to presenting a complaint for appellate review," a timely request, objection or motion must be made and ruled upon by the trial court. TEX. R. APP. P. 33.1(a)(1). The rule

---

[1] BIPP is a Battering Intervention and Prevention Program "designed to help prevent domestic violence." *In Interest of J.W.M.*, 153 S.W.3d 541, 545–46 and n.2 (Tex. App.—Amarillo 2004, pet. denied).

allows a trial court the opportunity to correct its own mistakes when convenient and appropriate, i.e., when the mistakes are alleged to have been made. *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). Appellant argues that the trial court's errors were structural ones that affected his substantial rights, and thus an objection was not required to preserve error. The contemporaneous-objection rule applies even to due process violations. *See id.* at 217–18. However, we need not decide whether error was preserved in this case, because the record does not reflect partiality by the trial court or that a predetermined sentence was assessed. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

"Due process requires a neutral and detached hearing body or officer." *Id.* Similarly, due process is denied when a trial court arbitrarily refuses to consider the entire range of punishment for an offense or imposes a predetermined sentence. *Cole v. State*, 931 S.W.2d 578, 579–80 (Tex. App.—Dallas 1995, pet. ref'd). However, absent a clear showing of bias, we presume a trial court's actions have been correct. *Brumit*, 206 S.W.3d at 645. Critical or disapproving remarks to a party will not ordinarily support a bias or partiality challenge, unless they reveal an opinion based on extrajudicial information. *Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd). Our review of the record does not suggest any extrajudicial matters influenced the trial court's sentencing in this case. The trial judge's comments when accepting appellant's plea appear to be in the nature of stern admonitions and warnings aimed at motivating appellant to comply with the terms of probation; none indicates the judge predetermined appellant's sentence if he violated the terms of probation. Nor did the court later sentence appellant at the adjudication hearing to the maximum punishment or to a sentence allegedly "promised" earlier. *Cf. Jefferson v. State*, 803 S.W.2d 470, 471–72 (Tex. App.—Dallas 1991, pet. ref'd). Instead, the trial court heard evidence about appellant's conduct during probation. There was evidence concerning probation violations and a second arrest on the one

hand, and of appellant's wife's support and his good intentions on the other. Although it is apparent the judge was angry with appellant, she also made a point—on the record—of distancing herself from her anger; she returned to assess a shorter sentence than she was considering at the hearing.

We conclude the trial court's comments reflected a reasoned response to the evidence admitted at the hearing, not a predetermined decision to revoke or to impose a lengthy prison sentence. *See Hull*, 67 S.W.3d at 220. Nothing in those comments provides a basis for overcoming the presumption the trial court acted properly in sentencing appellant. *See Brumit*, 206 S.W.3d at 645. We conclude appellant's due process rights were not violated, and we overrule appellant's three issues.

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121300F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RAUL R. RICOY, Appellant

No. 05-12-01300-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-54024-P.
Opinion delivered by Justice Lewis,
Justices Fillmore and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 30th day of July, 2014.