**AFFIRMED; Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05–13–00916–CR
### No. 05-13-00917-CR

**WILSON DON DAYE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F08-52182-K and F10–61748–K**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Appellant Wilson Don Daye was charged via separate indictments with possessing one gram or more but less than four grams of a controlled substance, methylenedioxy methamphetamine, and possessing with the intent to deliver four grams or more but less than 200 grams of a controlled substance, cocaine, in a drug-free zone. He pleaded guilty to these offenses and was placed on deferred adjudication probation for a period of seven years in each case. The trial court ultimately revoked appellant's probation and sentenced him to ten years' imprisonment for possessing cocaine with the intent to deliver in a drug-free zone, and five years for possessing methylenedioxy methamphetamine. In one issue, appellant argues the trial court violated his due process rights by failing to consider all of the evidence and prejudging appellant's punishment. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

In cause 05–10–00916–CR (F10–61748–K), appellant was indicted for unlawfully, intentionally, and knowingly possessing methylenedioxy methamphetamine in an amount by aggregate weight, including adulterants and dilutants, of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(c). This is a third-degree felony that carries a range of punishment for any term of not more than ten years or less than two, and a fine not to exceed $10,000. *See* TEXAS PENAL CODE ANN. § 12.34. In 05–10–00917–CR (F08–52182–K), the indictment alleged appellant unlawfully and knowingly possessed with the intent to deliver cocaine in an amount by aggregate weight, including adulterants and dilutants, of four grams or more but less than 200, and that the offense was committed in, on, or within 1,000 feet of the Frederick Douglass Elementary School. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d), § 481.134(c)(1).[1] This is a first-degree felony for which the range of punishment is a term of imprisonment for life or for any term of not more 99 years or less than ten, and a fine not to exceed $10,000. *See* TEXAS PENAL CODE ANN. § 12.32 (stating first degree felony punishment), TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (increasing minimum sentence by five years if offense was committed in, on, or within 1,000 feet of a school).

On August 26, 2011, appellant pleaded guilty to the indictments, signed judicial confessions, and received a deferred finding of guilt and seven years' community supervision in each case. The State's motions to revoke probation or proceed with adjudication of guilt were initially filed on September 17, 2012. The State subsequently moved to dismiss the motions, and appellant's conditions of community supervision were modified by the trial court.

The State of Texas filed additional motions to revoke probation or proceed with an

---

[1] The indictment further alleged that a deadly weapon, a firearm, was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited.

adjudication of guilt on February 5, 2013. On June 7, 2013, appellant pleaded true to the allegations in the motions to revoke. Appellant testified at the hearing. After appellant testified, the trial court and defense counsel had the following exchange:

> THE COURT: Is there any reason why your client shouldn't be sentenced at this point?
>
> [DEFENSE COUNSEL]: Your Honor, I have two witnesses that I'm going to call just briefly. May I?
>
> THE COURT: Sure.
>
> [DEFENSE COUNSEL]: Can both of you come?
>
> THE COURT: Let me at least tell you right now, I've already made my decision, and nothing that anyone says is going to change my mind.
>
> [DEFENSE COUNSEL]: Okay, Your Honor, if you have already made up your mind. So there's nothing anyone can—
>
> THE COURT: No, because I don't have any choices. That's the thing. I don't have any choices, no more. They won't take you back to rehab. I considered that. They won't take you back. So I don't have any choices.

Appellant asked the court, "[W]hen you said they won't take me in rehab, would—I mean, even though I know it's still rehab as far as outpatient and it's already paid for?" The court responded "no." Appellant then added, "Or extension, extra years on probation?" The court replied:

> Sir, my hands are tied. There's nothing I can do. You did all this. You did all this and I'm sitting here feeling bad.
>
> On cause number F10–61748, I access your punishment at five years TDC. And on the other one, because it's a drug-free zone, I have to start at ten. So on that one, cause number F08–52128,[2] I assess your punishment at ten years TDC.

The trial court sentenced appellant to ten years' imprisonment in 05–10–00917–CR and five years in 05–10–00916–CR. There were no objections from the defense to the sentences imposed by the court.

---

[2] The actual cause number is F08-52182-K.

**DISCUSSION**

In his issue, appellant contends he was denied due process when the trial court failed to consider all of the evidence and prejudged appellant's punishment. The State responds that the issue was not preserved for appellate review or, alternatively, that a close reading of the record shows the trial court did not violate appellant's due process rights.

Texas Rule of Appellate Procedure 33.1(a) provides in part that, as a prerequisite to presenting a complaint for appellate review, a timely request, objection, or motion must be made and ruled upon by the trial court. TEX. R. APP. P. 33.1(a). This requirement ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Aguilar v. State*, 26 S.W.3d 901, 905–06 (Tex. Crim. App. 2000). A defendant "may not, for the first time on appeal, urge error not raised at trial." *Nelson v. State*, 607 S.W.2d 554, 555 (Tex. Crim. App. 1980). This requirement applies even when the issue on appeal alleges a deprivation of due process. *Cole v. State*, 931 S.W.2d 578, 580 (Tex. App.—Dallas 1995, pet. ref'd) (stating that "the defendant waives any due process complaint when he does not object to the punishment or to the failure to consider the evidence"); *Rocha v. State*, Nos. 05–12–00927–CR and 05–12–00928–CR, 2013 WL 6212161, at *1 (Tex. App.—Dallas Nov. 27, 2013, pet. ref'd) (mem. op., not designated for publication) ("[A] defendant can waive complaints of due process violations by failing to object in the trial court to its failure to consider the full range of punishment or consider certain evidence."); *Bowman v. State*, No. 05–05–01018–CR, 2006 WL 1102640, at *1 (Tex. App.—Dallas Apr. 27, 2006, no pet.) (mem. op, not designated for publication) ("Because appellant failed to raise her due course of law complaint in the trial court, she has failed to preserve that issue for our review.").

In this case, appellant makes the due process argument for the first time on appeal.

Appellant did not object when the trial court imposed the sentences. He thus failed to preserve the issue for our review. *See* TEX. R. APP. P. 33.1(a).[3] We overrule appellant's issue.

The judgment of the trial court is affirmed.

/ Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130916F.U05

---

[3] We reach this conclusion notwithstanding appellant's citation of *Blue v. State*, 41 S.W.3d 129, 130–31 (Tex. Crim. App. 2000) (plurality op.), in which a plurality held that a trial court's comment to the jury panel that (among other things) he would have preferred the defendant plead guilty rather than go to trial struck directly at the presumption of innocence of the defendant, adversely affecting the defendant's right to a fair trial, and was fundamental error of constitutional dimension. *Id.* at 130, 132. A concurring justice opined that the right at issue was the fundamental right to an impartial judge, and as such, no objection was required. *Id.* at 138 (Keasler, J., concurring). The court of criminal appeals, however, has stated that "the *Blue* decision has no precedential value." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). In *Unkart*, the court reiterated the "traditional and preferred procedure" for preservation of error regarding a trial court's comments. *See id.* ("Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial."). Moreover, the comments at issue here did not concern the presumption of innocence and were not made to a jury. *See Goldman v. State*, No. 05–06–01581–CR, 2008 WL 1704294, at *2 (Tex. App.—Dallas Apr. 14, 2008, pet. ref'd) (not designated for publication) (distinguishing *Blue*).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILSON DON DAYE, Appellant

No. 05-13-00916-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 4, Dallas County, Texas
Trial Court Cause No. F10-61748-K.
Opinion delivered by Justice Myers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILSON DON DAYE, Appellant

No. 05-13-00917-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F08-52182-K.
Opinion delivered by Justice Myers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 30th day of October, 2014.