**Lapaca Joe JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–90–00417–CR.**

Court of Appeals of Texas, Dallas.

Jan. 21, 1991.

Discretionary Review Refused May 8, 1991.

Ross Teter, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before McCLUNG, ROWE and BURNETT, JJ.

OPINION

McCLUNG, Justice.

Appellant appeals a denial of his motion for new trial. Appellant pleaded guilty to burglary of a building, the trial court deferred adjudication of guilt and placed appellant on five years' probation. Subsequently, the State filed a motion to proceed with an adjudication of guilt for appellant's failure to pay fees and failure to report. The court found appellant guilty and sentenced him to 20 years' confinement and a $500 fine. Appellant moved the trial court

for a new trial; after a hearing the trial court denied appellant's motion. Appellant contends that he was denied due process and due course of law, and that he was deprived of the effective assistance of counsel. We reverse and remand this case to the trial court for proceedings consistent with this opinion.

■ Appellant first asserts that Judge Baraka predetermined the punishment when at the deferred adjudication hearing, he told him that the maximum sentence would be imposed if he violated any term or condition of his probation. He argues in two points of error that because of this, Judge Baraka's failure to recuse himself constituted a denial of due process and due course of law. It is axiomatic that it is a denial of due process for the court to arbitrarily refuse to consider the entire range of punishment for an offense or to refuse to consider the evidence and impose a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex.Crim.App. 1983); *Cole v. State*, 757 S.W.2d 864, 865 (Tex.App.—Texarkana 1988, pet. ref'd).

■ The record from the hearing on appellant's motion for new trial contains the following testimony elicited from appellant by his attorney.

Q. And do you recall anything happening when you were entering your plea before Judge Baraka?

A. He advised me that if I violated my probation in any way that he would give me a 20–year sentence, and he advised the probation man to make a record of it.

Q. And when you violated your probation, ... did he say anything or did anyone say anything about the 20 years that you had been promised?

A. Judge Baraka asked the probation man, did he promise me anything and he said, yes, 20 years; and Judge Baraka said, you know what time it is, 20 years.

Judge Baraka, over objection, began questioning the appellant. After a series of questions concerning the admonishments given in the deferred adjudication hearing, the court began to refresh appellant's memory. Appellant's attorney vigorously objected to the court's procedure but he was overruled and ordered to sit quietly. Judge Baraka then developed the following testimony regarding the clarity of the court's promise to assess a certain punishment period and the court's fulfillment of that promise.

THE COURT: So I didn't impress you at all?

THE DEFENDANT: No, sir. I remember you saying if I didn't report and pay my probation fees that I will [sic] get the maximum term of 20 years and that's exactly what I got.

THE COURT: And that is exactly what you got, isn't it?

THE DEFENDANT: That's right.

THE COURT: And that's what the Court said it would do, didn't it?

THE DEFENDANT: Yes, sir.

Appellant's attorney then called appellant's probation officer to testify about Judge Baraka's procedure for keeping track of promised punishment periods.

Q. [W]hat is the procedure ... when the judge decide[s] aheads [sic] of time what he's going to give in [the] way of punishment?

A. Occasionally [Judge Baraka would] say to the probation department, right at the end of the plea, that if this defendant does not abide by the conditions of probation that he will receive a certain sentence and we put it in the chronol entry along with other information about how he will serve the conditions of probation.

Q. So you do have records to show Judge Baraka did tell this man that he would receive 20 years if he violated his probation and he made that statement prior to the time that there was any motion filed to revoke his probation?

A. I believe we do have records.

Q. How many cases would you say you've heard Judge Baraka promise a man a specific punishment at the time he received the original plea?

A. I would guess it would [be] in the neighborhood of 20 [to] 30 cases.

The State contends that Judge Baraka's procedure does not constitute reversible error because of this Court's decision in *Fielding v. State*, 719 S.W.2d 361 (Tex. App.—Dallas 1986, pet. ref'd). In *Fielding* the judge assessed punishment within a range he had announced at the deferred adjudication hearing would probably be assessed. *Id.* at 365. This Court determined in that case that the trial court's procedure did not violate appellant's due process rights. *Id.* at 367. However, Judge Baraka's procedure is distinguishable from that used in *Fielding*. In *Fielding*, the trial court stated the decision to assess punishment at the amount he had warned would be given was based on the presentence report, the offense committed, and all the facts and circumstances surrounding the case. *Id.* at 365. In this case Judge Baraka's own questions confirm he assessed a promised punishment, apparently to maintain his credibility. In the colloquy between Judge Baraka and appellant, Judge Baraka emphasized the fact that appellant knew the court had promised him a certain sentence and that appellant received what was promised. To be sure that a defendant received what was promised, Judge Baraka had the probation officer note on the defendants' records what punishment had been promised. Judge Baraka followed this procedure in appellant's case. Consequently, there is no doubt that Judge Baraka prejudged appellant and sentenced him in accordance with a promised punishment period.

This is the evil which the eminent Chief Justice Guittard warned of in his dissent in *Fielding*. The Chief Justice considered an approach like that used by Judge Baraka not to be in accordance with due course of law because (1) it effectively excludes evidence relevant to punishment; (2) it precludes the judge from considering the full range of punishment prescribed by law; (3) hence, it deprives the defendant of a fair and impartial tribunal at the punishment hearing. *Id.* at 368. Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) (revocation of probation). We conclude that Judge Baraka violated appellant's due process rights by failing to consider the full range of punishment for the offense charged when he imposed a predetermined punishment period.

The State relies on *Fielding* for the proposition that even if appellant shows Judge Baraka's bias there is no reversible error because appellant failed to request that Judge Baraka recuse himself and thus waived the error. A waiver of a constitutional right must be "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Paprskar v. State*, 484 S.W.2d 731, 737 (Tex.Crim.App.1972). Until the judge assesses punishment the defendant is entitled to assume the judge will perform his solemn duty to assess punishment upon consideration of relevant evidence. *Fielding*, 719 S.W.2d at 372 (Guittard, C.J., dissenting). Once the judge assesses punishment based on factors such as his promised punishment period, the recusal motion or an objection would be futile. *Id.* The following testimony reveals the abrupt nature of the judge's assessment of punishment and thus defendant's inability to recognize that the assessment of punishment would be based on factors other than the evidence.

A. Judge Baraka asked the probation man did he promise me anything and he said, yes, 20 years; and Judge Baraka said, you know what time it is, 20 years.

We find nothing in this record to indicate that the judge did anything more than ask the probation officer what he promised to this defendant, then assessed that exact punishment period. Under these conditions, the defendant could not know until after the judge had assessed punishment that he needed to request recusal. We conclude that appellant did not knowingly waive the right to a fair and unbiased tribunal. We also conclude that the judge's sentencing procedure harmed ap-

pellant because the judge did not consider a lesser term than the maximum. We sustain appellant's first two points of error.

Because our holding is dispositive we do not reach appellant's last point of error. We reverse the trial court's judgment and remand this case to the trial court for proceedings consistent with this opinion.