# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00733-CR

**Carlos Jimenez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. CR91-0528-B, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant Carlos Jimenez was placed on deferred adjudication community supervision after he pleaded guilty to burglary of a habitation. *See* Tex. Pen. Code Ann. ' 30.02 (West 2003). Four years later, the district court revoked supervision, adjudged him guilty, and assessed punishment at forty-three years= imprisonment.[1]

Appellant=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim.

---

[1] Sentence was imposed in November 1995. Appellant was later granted an out-of-time appeal. *Ex parte Jimenez,* No. 74,433 (Tex. Crim. App. Sept. 25, 2002) (not designated for publication).

App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant exercised his right to examine the appellate record and also filed a pro se brief containing three issues or points of error.

In pro se points two and three, appellant contends his guilty plea was involuntary and he was denied due process because he was not fully admonished at the time he pleaded guilty regarding the consequences of a violation of supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(a) (West Supp. 2003). A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when supervision is imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); *see also Nix v. State*, 65 S.W.3d 664, 672 (Tex. Crim. App. 2001) (*Manuel* retroactive). Thus, these points present nothing for review.

In his first pro se point of error, appellant urges that he was denied his due process right to a neutral and detached magistrate at the sentencing hearing. In effect, appellant argues that the district court did not consider any of the evidence adduced at the hearing but instead assessed a predetermined punishment. Appellant relies on three opinions. In *Jefferson v. State*, 803 S.W.2d 470 (Tex. App.CDallas 1991, pet. ref=d), the trial judge expressly promised the defendant at the time he deferred adjudication that he would assess the maximum punishment if the defendant violated his supervision. Later, at the adjudication hearing, the judge reminded the defendant of his promise and imposed the maximum sentence. The court of appeals concluded that the judge denied the defendant due process by failing to give him a meaningful punishment hearing. *Id*. at 472. *Jefferson* was followed in *Howard v. State*, 830

2

S.W.2d 785 (Tex. App.CSan Antonio 1992, pet. ref=d), and *Earley v. State*, 855 S.W.2d 260 (Tex. App.CCorpus Christi 1993), *pet. dism=d, improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994). As in *Jefferson*, the records in *Howard* and *Earley* showed that the trial judge who revoked deferred adjudication supervision assessed a punishment that had been predetermined at the time supervision was granted, without considering any evidence that might have been adduced at the punishment hearing.

The record before us in this cause includes the original guilty plea proceeding. The court admonished appellant that if his supervision were to be revoked and his guilt adjudicated, he would be subject to the maximum punishment of ninety-nine years or life. The court added, ANow I don=t know what you will get because I don=t know all the facts that are involved, but if you believe it [that you will get the maximum] you will make it through it [without being revoked].@ In other words, the court did not promise or otherwise bind itself to a predetermined punishment should supervision be revoked, but urged appellant to assume the worst as a means of motivating himself to obey the conditions of supervision.

In addition, the record from the adjudication and sentencing hearing reflects that the court assessed the punishment it did after considering all the evidence before it. The court told appellant, AThe P.S.I. reflects, Mr. Jimenez, a long and regular criminal history by you; including . . . your prior aggravated assault with a deadly weapon . . . . And now we are having family violence arguments that you minimize . . . . You can=t even admit to your own violent tendency there.@[2] The court announced that the forty-three-

---

[2] In addition to two violations of supervision admitted by appellant, the court also found after hearing testimony that appellant assaulted his wife while on supervision, an allegation he denied.

**3**

year punishment determination was based on appellant=s Atotal history.@ We find no basis for concluding that the court denied due process by predetermining the punishment in advance of the hearing. Pro se point one is overruled.

We have reviewed the record, counsel=s brief, and the pro se brief. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   May 15, 2003

Do Not Publish

**4**