Affirmed and Memorandum Opinion filed August 21, 2008








Affirmed and Memorandum Opinion filed August 21, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00854-CR

____________

 

LAURIE LEE SALLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 212th
District Court

Galveston County, Texas

Trial Court Cause No. 02CR1306

 



 

M E M O R A N D U M  O P I N I O N

Laurie Lee Salley=s probation was
revoked and she was sentenced to 10 years in the Institutional Division of the
Texas Department of Criminal Justice.  Salley asserts that the trial court
erred by (1) retaliating against her for evidence and arguments presented by
her counsel, (2) denying her a neutral and detached magistrate, and (3)
imposing a cruel, unusual, or excessive punishment.  We affirm.








I.  Procedural and Factual Background

On January 15, 2004, Laurie Lee Salley was convicted by a
jury of sexual assault of a child.  This offense is a second-degree felony,
punishable by two to 20 years in prison, and a fine of up to $10,000. 
Punishment was assessed at 10-years confinement and a fine of $10,000.  The
sentence was probated as to the confinement, subject to various conditions,
including the condition that Salley shall A[c]ommit no
offense against the laws of the State of Texas or of any other State, the
United States or any governmental entity.@  Salley appealed,
and this court affirmed.  Salley v. State, No. 14-04-00185-CR, 2005 WL 2398084
(Tex. App.CHouston [14th Dist.] Sept. 8, 2005) (mem.
op.) (not designated for publication). 

On June 16, 2006, Salley was cited in Hamilton County for
the state-jail felony of driving while intoxicated (DWI) with a child
passenger.  A jury found Salley guilty of this offense and the court assessed
punishment at two-years confinement.  The court also ordered that Salley=s driver=s license be
suspended for two years and ordered Salley to attend substance-abuse
counseling.  The punishment was suspended as to the confinement, and the court
placed Salley on community supervision for five years.  Subsequently, the State
filed a motion to revoke the community supervision granted Salley in 2004,
alleging that Salley violated the conditions of that community supervision by
committing the offense of DWI with a child passenger, failing to pay the fine
as ordered, and failing to pay the reimbursement to Galveston County for
compensation of appointed counsel as ordered.

At the hearing on the motion to revoke community supervision,
Salley pleaded true to the allegation that she was convicted of a DWI.  The
State entered a certified copy of the judgment of conviction.  The State called
one witness, Salley=s community-supervision officer, who testified
that Salley was $377.50 in arrears for payment of the fine and fees. 








Salley took the stand in her own defense.  She testified
that the night before she was cited for DWI with a child passenger, she took
Fioricet with codeine for a migraine.  She had a prescription for this
medication.  She woke up groggy, but explained,  AMigraines leave me
groggy with or without medication.@  She testified, AI felt tired, but
I didn=t feel drugged.@  Salley was
driving with her daughter when they were involved in a one-car accident on a
gravel road.  Salley explained that graded gravel roads Acan be fairly
slick in places.@  She thought she Ahit a rock and it
fishtailed [her] car,@ sending her Aright into the
guardrail.@  Salley said she was Ahysterical@ following the
incident.  She was given a field-sobriety test, and explained that she was Ain flip-flop shoes
on a gravel road@ and that she did not have Avery good balance@ because of a
previous knee surgery and back problem.  Salley further testified that she
regularly saw her probation officer in Hamilton County, and that she attended
counseling and a substance-abuse-recovery group.  

On cross, Salley admitted that she did not bring any
medical documentation of her history of migraines, knee surgery, or back
injury.  She testified that at the time of the incident, she had prescriptions
for Paxil, Adavan, Tylenol 3, a Nicotrol inhaler, and Fioricet.  Two empty pill
bottles were found in her vehicle: a 90-count bottle for Tylenol 3 and a
40-count bottle for Adavan.  Salley testified that the remaining pills from
those bottles were at home, and that she had emptied them because she thought
her probation officer would require the empty bottles.  Salley testified that
she gave a urine sample and blew into the breathalyzer after the incident, but
did not give a blood sample because she does not like needles.  

Finally, a pharmacist reviewed the report on Salley=s urinalysis and
testified that Salley had not taken Adavan for at least 24 hours.  The
urinalysis results showed both morphine and codeine in Salley=s system, but the
pharmacist explained that both were found Abecause morphine
is a metabolited codeine.@  The pharmacist opined that Salley could
have taken either the Fioricet or Tylenol 3 any time within the last 24 hours
to produce such a result.  








The trial court found the first allegation in the motion to
revoke to be true.  Salley had already pleaded true to this allegationCDWI with a child
passenger.  Salley=s community supervision was revoked and
she was sentenced to 10-years confinement in Institutional Division of the
Texas Department of Criminal Justice.   This appeal followed. 

II.  Analysis

In reviewing a probation revocation, we examine the
evidence in the light most favorable to the trial court=s findings to
determine whether the trial court abused its discretion.  Cardona v. State,
665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).  The State must prove, by a
preponderance of the evidence, that Salley violated the conditions of her
probation in order to succeed on a motion to revoke probation.  See Cobb v.
State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  

          In
its motion to revoke, the State alleged that Salley violated three conditions
of her community supervision, including the allegation that she had been
convicted of DWI with a child passenger.  During the revocation hearing, the
State entered a certified copy of the judgment finding Salley guilty of this
offense.  Salley pleaded true to this allegation.  A plea of true, standing
alone, is sufficient to support the revocation of community supervision.  Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).  Salley
then took the stand and testified about the offense.  After closing arguments,
the court found the DWI-with-a-child-passenger allegation to be true. 
Examining the evidence in the light most favorable to the trial court=s findings, and
considering Salley=s conviction and plea, this was not an
abuse of discretion.           








Salley asserts that the trial court erred for three
reasons.  First, Salley argues that the trial court erred by sentencing her in
reaction to, and in retaliation for, presenting evidence and arguments in her
own defense.  We disagree.  Salley correctly argues that due process requires
that she receive Aan opportunity to be heard and to present
evidence.@  Gagnon v. Scarpelli, 411 U.S. 778, 786
(1973).  Although a final conviction for DWI with a child passenger had been
entered by the State, and although Salley pleaded true to this allegation, the
judge allowed her to testify about the underlying facts.  Then, after the trial
court granted the motion to revoke, it admonished Salley, saying, AYou got sentenced
today because of your own actions and your own responses to those actions.@  Salley contends
that this admonishment meant that the court was punishing Salley for presenting
evidence in her own defense.  Salley further argues that the trial court had no
jurisdiction to punish the conviction of an offense wholly committed within
another county.  But she cites no authority for this contention, and does not acknowledge
that the trial court was not issuing a sentence for the DWI with a child
conviction.  Instead, the court was merely enforcing a condition to Salley=s previous
community supervision, which required that Salley must A[c]ommit no
offense against the laws of the State of Texas or of any other State, the
United States or any governmental entity.@  








Second, Salley asserts that the trial court erred by
denying her the benefit of a neutral and detached magistrate in violation of
the United States Constitution and the Texas Constitution.[1] 
We disagree.  Salley relies upon Jefferson v. State, where the trial
judge had previously told the appellant that he would receive a 20-year
sentence for a probation violation, and following a probation violation, the
trial judge Aassessed [the] promised punishment, apparently to
maintain his credibility.@  803 S.W.2d 470, 472 (Tex. App.CDallas 1991, pet.
ref=d.).  Such a
procedure is not allowed because A(1) it effectively
excludes evidence relevant to punishment; (2) it precludes the judge from
considering the full range of punishment prescribed by law; (3) hence, it
deprives the defendant of a fair and impartial tribunal . . . .@ Id. (citing
Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973)).  During closing
argument, Salley=s counsel stated that Salley=s underlying offense
had a victim only in the most Atechnical sense.@  The court
responded by correcting counsel; however, this does not amount to a denial of a
neutral and detached magistrate.  We see no evidence that the judge excluded
evidence relevant to punishment or did not consider the full range of
punishment prescribed by law.  Contrary to Salley=s assertion, the
record reflects no evidence that the trial judge enforced Asomething akin to
a >zero tolerance= policy.@    








Finally, Salley contends that the trial court erred by
imposing a punishment which was excessive.  We disagree.  Salley argues, and we
agree, that sentencing must follow well-established principles of
proportionality of punishment to the offense.  See Solem v. Helm, 463 U.S.
277, 290 (1983). The 10-year punishment the trial court assessed was well
within the two-to-20-year range for the underlying offense.  Rather, she argues
that the sentencing range made available by the Legislature violates the Eighth
Amendment=s ban on cruel, unusual, and excessive punishments.  A[A] court=s proportionality
analysis under the Eighth Amendment should be guided by objective criteria,
including (i) the gravity of the offense and the harshness of the penalty; (ii)
the sentences imposed on other criminals in the same jurisdiction; and (iii)
the sentences imposed for commission of the same crime in other jurisdictions.@  Id. at
292.  Salley downplays the gravity of the offense by noting that the sexual
assault of a child by an adult woman was not considered a crime under English
common law and that the hazards of sexual intercourse fall heavily and
unequally on females.  She also mentions that it is unfair that offenders
within three years of a victim=s age are treated differently from those
offenders whose victims are more distant in age.  Finally, she contends that a
10-year sentence is cruel because Aoffenses of this
kind rarely bring an [outcry] from the victims.@  We are
unconvinced by Salley=s arguments and overrule her third issue. 

Accordingly, we affirm the judgment of the trial court.         

 

 

/s/      Jeff Brown

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 21, 2008.

Panel
consists of Justices Yates, Anderson, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Salley inadequately briefed her state constitutional
claim by failing to provide any argument or authority regarding how the
protections afforded by the Texas Constitution differ from the protections
afforded by the United States Constitution.  Therefore, we will not separately
review her state constitutional claim.  Tex. R. App. P. 38.1(h); McCambridge
v. State, 712 S.W.2d 499, 502 n. 9 (Tex. Crim. App. 1986) (explaining that A[a]ttorneys, when briefing constitutional questions,
should carefully separate federal and state issues into separate grounds and
provide substantive analysis or argument on each separate ground.  If
sufficient distinction between state and federal constitutional grounds is not
provided by counsel, this Court may overrule the ground as multifarious@); Johnson v. State, 853 S.W.2d 527, 533 (Tex.
Crim. App. 1992), cert. denied, 114 S.Ct. 154 (1993) (holding that
although appellant claimed that there was a violation of the Texas
Constitution, Aappellant proffers no argument or authority as to the
protection offered by the Texas Constitution or how that protection differs
from the protection guaranteed by the U.S. Constitution.  We decline to pursue
appellant=s Texas Constitutional arguments for him.@).