ACCEPTED
13-14-00314-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/5/2015 12:06:23 PM
DORIAN RAMIREZ
CLERK

**NO. 13-14-00314-CR**

IN THE COURT OF APPEALS
THIRTEENTH JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/5/2015 12:06:23 PM
DORIAN E. RAMIREZ
Clerk

**GARRETT NOVOSAD**

**V.**

**THE STATE OF TEXAS**

ON APPEAL FROM 25TH DISTRICT COURT
OF GONZALES COUNTY, TEXAS
CAUSE NUMBER 99-12-B

**BRIEF FOR THE STATE**

**PAUL WATKINS**
County Attorney
Gonzales County, Texas

**VICTORIA W. JOHNSON**
Assistant County Attorney
415 Saint Louis Street
Gonzales, Texas 78629
(830) 672-6527
(830) 672-5868 (fax)
vjohnson@co.gonzales.tx.us
State Bar No. 24087810
(On Appeal)

Attorneys for the State of Texas

**ORAL ARGUMENT WAIVED**

# TABLE OF CONTENTS

PAGE (S)

INDEX OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE CASE ..........................................................................1

STATEMENT OF THE FACTS ........................................................................2

SUMMARY OF THE ARGUMENT ................................................................4

ARGUMENT ................................................................................................... 5

> **Appellant's Sole Point of Error**
> **The trial court violated defendant's due process rights when it made comments demonstrating the trial court's lack of impartiality and when it failed to consider the full range of punishment available.**
>
> **State's Response to Appellant's Sole Point of Error**
> **Appellant failed to preserve for appellate review his complaint that the trial court's comments at the time of his sentencing demonstrated the trial court's lack of impartiality and that the trial court failed to consider the full range of punishment available. Even if Appellant had preserved his complaint, the trial court's comments did not show bias, or that it failed to consider the full range of punishment available. As such, Appellant's sole point of error must be overruled.**..................................................5

PRAYER..............................................................................................................11

CERTIFICATE OF SERVICE ..........................................................................12

CERTIFICATE OF COMPLIANCE.................................................................. 13

# INDEX OF AUTHORITIES

U.S. Supreme Court Cases

*Gagnon v. Scarpelli*, 411 U.S. 778
(1973)....................................................................................................7

Texas Cases

*Brumit v. State*, 206 S.W.3d 639
(Tex. Crim. App. 2006) ........................................................................7

*Burke v. State*, 930 S.W.2d 230
(Tex. App.—Houston 1996, pet. ref'd) ................................................8

*Celestine v. State*, No. 09-12-00548-CR,
2013 Tex. App. LEXIS 12833
(October 16, 2013, pet. ref'd)
(not designated for publication)...........................................................7

*Cole v. State*, 757 S.W.2d 864
(Tex. App.—Texarkana 1988, no pet.)..................................................8

*Earley v. State*, 855 S.W.2d 260
(Tex. App.—Corpus Christi 1993, pet. dism'd) ...................................8

*Grado v. State*, 445 S.W.3d 736
(Tex. Crim. App. 2014) ........................................................................5

*Gillenwaters v. State*, 205 S.W.3d 534
(Tex. Crim. App. 2006) ........................................................................6

*Teixeira v. State*, 89 S.W.3d 190
(Tex. App.—Texarkana 2002, pet. ref'd)..............................................5

*Jefferson v. State*, 803 S.W.2d 470
(Tex. App.—Dallas 1991, pet. ref'd)....................................................8

Rules and Statutes

TEX. R. APP. 33.1 .......................................................................................5

## I. STATEMENT OF THE CASE

The Appellant, Garrett Novosad, was charged by indictment with two offenses — burglary of a habitation and theft of a firearm. (Cl. R. vol. 1 of 1, at 1). On May 9, 2013, Appellant pled guilty to both charges in the 25th Judicial District Court of Gonzales County, Texas, the Honorable William D. Old, III, presiding. (Cl. R. vol. 1 of 1, at 25-28)(Ct. R. vol. 2 of 4, at 8). On July 9, 2013, Appellant was placed on four years deferred adjudication community supervision. (Cl. R. vol. 1 of 1, at 33-40) (Supp. Ct. R. vol. 1 of 1, at 5).

On April 11, 2014, the State filed a motion for adjudication of guilt on both charges. (Cl. R. vol. 1 of 1, at 46-47). On May 29, 2014, Appellant pled true to all allegations contained in the State's motion to adjudicate guilt, the Honorable William D. Old, III, presiding. (Cl. R., vol. 1 of 1 at 51-52)(Ct. R. vol. 3 of 4, at 7). On May 29, 2014, Appellant was sentenced to twenty-one months confinement on both charges, to run concurrently. (Cl. R. vol. 1 of 1, at 67-69)(Ct. R. vol. 3 of 4, at 18). The trial court certified that Appellant had the right of appeal. (Cl. R. vol. 1 of 1, at 53)(Ct. R. vol. 3 of 4, at 19). On July 25, 2014, Appellant filed a notice of appeal. (Cl. R. vol. 1 of 1, at 82).

## II. STATEMENT OF THE FACTS

A detailed recitation of the facts is not required to address Appellant's sole point of error. Below is a summary of the more pertinent facts as they apply to Appellant's sole point of error.

When Appellant pled guilty to both counts in the indictment, and the trial court placed him on four years deferred adjudication community supervision, the trial court told Appellant, "you've got rules you have to follow. You violate any of these rules and play games with my probation department, I've got a place for you." (Cl. R. vol. 1 of 1, at 25-28, 33-40)(Ct. R. vol. 2 of 4, at 8)(Supp. Ct. R. vol. 1 of 1, at 5).

At the motion to adjudicate hearing, the State argued Appellant should be adjudicated guilty and be sentenced to a state jail facility because Appellant refused residential in-treatment patient care, Appellant tested positive for drugs on numerous occasions, and Appellant made no real efforts toward completing his deferred adjudication community supervision. (Ct. R. vol. 3 of 4, at 7).

Appellant was offered, and accepted, treatment after his first positive drug test while on deferred adjudication community supervision. (Ct. R. vol. 3 of 4, at 15-16). Upon completion of a 30-day treatment program at La Hacienda, Appellant failed to comply with the aftercare component of the treatment program, tested positive for drugs, and at that time was offered the opportunity to go into treatment

in Uvalde, Texas. (Ct. R. vol. 3 of 4, at 16). Appellant wanted to discuss the Uvalde treatment option with his attorney prior to signing an agreed order, but Appellant never returned to sign an agreed order. (Ct. R. vol. 3 of 4, at 16, 18).

Appellant testified he did not want to go to State Jail. (Ct. R. vol. 3 of 4, at 11). Appellant claimed he previously rejected treatment in Uvalde because he did not fully understand his options and needed extra time to think about the treatment option. (Ct. R. vol. 3 of 4, at 10). Appellant stated he was now willing to enter a treatment facility in Uvalde. (Ct. R. vol. 3 of 4, at 8, 10). Appellant asked the trial court to release him on a personal bond, so that Appellant could spend time with his infant child, who was born in March 2014, before entering the treatment program. (Ct. R. vol. 3 of 4, at 8, 10).

In regards to his failure on his deferred adjudication community supervision obligations, Appellant testified he could not complete his community service hours or required Commitment to Change course because he had back surgery, and that Appellant's community supervision officer was aware of the situation and excused him from community service hours, reporting in person, and the required class. (Ct. R. vol. 3 of 4, at 9, 12-13).

Traci Darilek, with the Gonzales County Community Supervision Department, testified that Appellant was on deferred adjudication community supervision six months prior to having back surgery, but did not complete any

3

community service hours or the required class during that time, as required. (Ct. R. vol. 3 of 4, at 15-17). Appellant's file contained no indication from his previous community service officer that Appellant was exempted from community service hours. (Ct. R. vol. 3 of 4, at 15, 16). Additionally, Appellant provided no documentation from a doctor stating he could not comply with the community service requirement because of his back surgery. *Id*.

After both sides rested and closed, the trial court stated, "Mr. Novosad, when I sentenced you, I told you I didn't play games. I told you if you couldn't abide by the rules, that I had a place for you." (Ct. R. vol. 3 of 4, at 18). The trial court then pronounced a sentence of twenty-one months in the Texas Department of Criminal Justice State Jail Division. (Ct. R. vol. 3 of 4, at 18-19).

## III. SUMMARY OF THE ARGUMENT

Appellant failed to preserve for appellate review his complaint that the trial court violated Appellant's due process rights because he failed to object to the trial court's comments at the time he was sentenced. Even if Appellant had preserved his complaint for appellate review, the trial court's comments did not demonstrate it had lacked impartiality or failed to consider the full range of punishment available. The trial court's comments did not indicate it had predetermined a specific punishment prior to the adjudication hearing. Also, the trial court

considered testimony from both sides before making any comments regarding punishment.

## IV. ARGUMENT

STATE'S RESPONSE TO APPELLANT'S SOLE POINT OF ERROR

**Appellant failed to preserve for appellate review his complaint that the trial court's comments at the time of his sentencing demonstrated the trial court's lack of impartiality and that the trial court failed to consider the full range of punishment available. Even if Appellant had preserved his complaint, the trial court's comments did not show bias, or that it failed to consider the full range of punishment available. As such, Appellant's sole point of error must be overruled.**

Appellant argues the trial court demonstrated a lack of impartiality and failed to consider the full range of punishment available by stating, "I told you if you couldn't abide by the rules, that I had a place for you." Appellant's sole point of error is not preserved for appellate review because he failed to object to the trial court's comments at the time he was sentenced. Appellant has presented no evidence to show the trial court demonstrated a lack of impartiality or failed to consider the full range of punishment available. Appellant's point of error is unpreserved, and meritless.

**Preservation of Error**

Generally, to preserve error for appellate review, a party must make a timely objection, state the specific grounds for the objection, and obtain a ruling from the trial court. Tex. R. App. 33.1; *Grado v. State*, 445 S.W.3d 736, 738-39 (Tex. Crim. App. 2014); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002,

5

pet. ref'd). A request is timely if the party makes the complaint as soon as the grounds for such complaint become apparent. *Gillenwaters v. State*, 205 S.W.3d 534, 538 (Tex. Crim. App. 2006). The right to be punished after consideration of the full range of punishment is not an absolute right, instead it is waivable or forfeitable by the parties, as evidenced by negotiated plea bargains. *Grado*, 445 S.W.3d at 740. As such, a party's failure to enforce his forfeitable rights by timely objecting to a trial court's failure to consider the full range of punishment waives such a complaint for appellate review. *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993); *Teixeira*, 89 S.W.3d at 192.

Here, the trial court's comments, "Mr. Novosad, when I sentenced you, I told you I didn't play games. I told you if you couldn't abide by the rules, that I had a place for you," were made after testimony was presented, arguments from both sides were made, and before sentencing was announced. (Ct. R. vol. 3 of 4, at 18, 19).

Previously, at the initial sentencing hearing on July 9, 2013, the trial court made similar comments, telling Appellant, "you've got rules you have to follow. You violate any of these rules and play games with my probation department, I've got a place for you." (Supp. Ct. R. vol. 1 of 1, at 5).

At both stages, Appellant had the opportunity to make an objection, but failed to do so. (Ct. R. vol. 3 of 4, at 18) (Supp. Ct. R. vol. 1 of 1, at 5). Because

6

Appellant failed to make a timely objection, he waived for appellate review his sole point of error. Tex. R. App. 33.1; *Marin*, 851 S.W.2d at 279; *Grado*, 445 S.W.3d at 739; *Teixeira*, 89 S.W.3d at 192. Therefore, Appellant's sole point of error must be overruled.

**Lack of Impartiality and Failure to Consider the Full Range of Punishment**

Even assuming *arguendo* that Appellant preserved his sole point of error for appellate review it must still be overruled because trial court's comments did not show bias, or that it failed to consider the full range of punishment available.

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). A court denies due process if it arbitrarily fails to consider the full range of punishment available, or refuses to consider evidence and imposes a predetermined sentence. *Grado*, 445 S.W.3d at 739; *Teixeira*, 89 S.W.3d at 192.

"Absent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Bias is not shown where the trial court does not make any comments indicating it has considered less than the full range of punishment. *Brumit*, 206 S.W.3d at 645; *Celestine v. State*, No. 09-12-00548-CR, 2013 Tex. App. LEXIS 12833, at *4 (Tex. App.—Beaumont October 16, 2013, pet. refused).

No bias is shown where the trial court merely makes comments emphasizing the serious nature of probation, and importance of following the rules and conditions of probation. *Burke v. State*, 930 S.W.2d 230, 235 (Tex. App.—Houston 1996). Similarly, bias is not demonstrated merely because the trial court comments on the severity of punishment being imposed. *Brumit*, 206 S.W.3d at 640, 645.

Instead, bias is shown where a defendant was promised a predetermined sentence, or the maximum punishment, if they failed to comply with the terms of probation. *Earley v. State*, 855 S.W.3d 260, 262 (Tex. App—Corpus Christi 1993, pet. dism'd); *Cole v. State*, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, no pet.); *Jefferson v. State*, 803 S.W.2d 470, 471-72 (Tex. App.—Dallas 1991, pet. ref'd).

Here, the record does not support Appellant's claim that the trial court demonstrated bias and failed to consider the full range of punishment available. Appellant admitted in writing to violating all of the conditions of deferred adjudication community supervision alleged in the State's motion. (Cl. R. vol. 1 of 1, at 52-53)(Ct. R. vol. 3 of 4, at 6). After Appellant's admission, he was allowed to present testimony mitigating why he was unable to successfully abide by the conditions of his deferred adjudication community supervision. (Ct. R. vol. 3 of 4,

at 8-14). The State presented rebuttal evidence to refute Appellant's testimony concerning his mitigating factors. (Ct. R. vol. 3 of 4, at 14-18).

Only after the trial court heard all testimony and evidence at the adjudication proceeding did the trial court make its comments, "Mr. Novosad, when I sentenced you, I told you I didn't play games. I told you if you couldn't abide by the rules, that I had a place for you." (Ct. R. vol. 3 of 4, at 18). The trial court then pronounced Appellant's sentence, which was less than the maximum punishment available to the trial court. (Ct. R. vol. 3 of 4, at 18-19).

Previously, at the initial sentencing hearing, and upon granting Appellant deferred adjudication community supervision, the court made only similar comments, telling Appellant, "you've got rules you have to follow. You violate any of these rules and play games with my probation department, I've got a place for you." (Supp. Ct. R. vol. 1 of 1, at 5).

The record is devoid of any evidence the trial court failed to consider the full range of punishment available, or had predetermined a particular number of months or years confinement Appellant would be sentenced. At no time, either when it placed Appellant on deferred adjudication community supervision or at the adjudication proceeding, did the trial court promise Appellant a predetermined sentence, or even a specific range of punishment. Rather, it is clear from the record that the trial court was simply trying to impress upon Appellant the serious

nature of his deferred adjudication and the importance of following the rules and conditions of his deferred adjudication community supervision. *Burke*, 930 S.W.2d at 235. Therefore, appellant's sole point of error must be overruled.

Furthermore, the case at hand closely mirrors the facts in *Burke v. State*, where the appellate court held the trial court's comments, "if you want to run with the same friends and live the same life, you want to keep drinking, you're going to end up in the penitentiary. Do you understand that? Is there any doubt in your mind if you don't follow [the terms of your probation] you're going to end up back in jail?" did not demonstrate the trial court failed to consider all of the evidence presented or that the trial court had predetermined a sentence. 930 S.W.2d 230, 234-35. The appellate court found the trial court's comments merely attempted to impress upon the appellant the seriousness of his probation. *Id*. at 235.

Similarly, the appellate court found no bias shown in *Brumit v. State*, the court found no bias shown where the trial court commented, "your punishment is going to deter you, and . . . anybody else that might contemplate doing what you did," and pronounced sentence. 206 S.W.3d at 640, 645.

Because the trial court's comments do not indicate that it was biased or failed to consider the full range of punishment before sentencing Appellant, his sole point of error must be overruled.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the State submits that this case should in all things be affirmed.

Respectfully submitted,

PAUL WATKINS
County Attorney
Gonzales, Texas

**/S/_Victoria W. Johnson____**
VICTORIA W. JOHNSON
Assistant County Attorney
415 Saint Louis Street
Gonzales, Texas 78629
(830) 672-6527
(830) 672-5868 (fax)
vjohnson@co.gonzales.tx.us
State Bar No. 24087810
(On Appeal)

Attorneys for the State

## VI. CERTIFICATE OF SERVICE

I, Victoria W. Johnson, Assistant County Attorney, Gonzales County, Texas, hereby certify that a true copy of the above and foregoing document is being delivered via e-service or facsimile to Chris Iles Attorney for defendant on this the 5th day of February, 2015.

**/S/ Victoria   W.   Johnson**
VICTORIA W. JOHNSON

## VII. CERTIFICATE OF COMPLIANCE

I, Victoria W. Johnson, herby certify that the total number of words in this Response is less than 15,000 words. According to the word count the included contents[1] of this document contains 2,227 words.

**/S/  Victoria W. Johnson_____**
VICTORIA W. JOHNSON
Assistant County Attorney
415 Saint Louis Street
Gonzales, Texas 78629
(830) 672-6527
(830) 672-5868 (fax)
State Bar No. 24087810
(On Appeal)

---

[1] Contents Included and Excluded. In calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of the parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certificate of compliance and appendix. TEX. R. APP 9.4 (I)(1)