

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00571-CR

Lawrence Steele **TERRILL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 10-04-10391-CR
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  July 8, 2015

AFFIRMED

Lawrence Steele Terrill appeals the trial court's judgment adjudicating his guilt and sentencing him to fifteen years' imprisonment. Terrill contends: (1) his due process rights were violated because the trial judge: (a) was not fair and impartial; and (b) did not consider the full range of punishment and the evidence in imposing sentence; and (2) the trial court abused its discretion in revoking his community supervision because: (a) the evidence is insufficient to support each of the alleged violations; and (b) the State failed to prove his ability to pay with regard to the violations relating to non-payment of costs and fees. We affirm the trial court's judgment.

**BACKGROUND**

Terrill was indicted for aggravated sexual assault of a child and indecency with a child. In October of 2012, Terrill pled no contest to the charge of indecency with a child, and the State dismissed the aggravated sexual assault charge. The trial court deferred Terrill's adjudication of guilt and placed him on community supervision for a term of eight years.

In February 2013, the State filed a motion to proceed with an adjudication of guilt alleging numerous violations. Terrill pled true to violating the condition that prohibited him from being alone with unsupervised children under the age of seventeen. At the hearing on the State's motion, the State announced the complainant and her family were present in the courtroom and would testify they would like Terrill's community supervision revoked and for the trial court "to impose a sentence of prison time." The prosecutor stated, "I believe this is also the State's position." Defense counsel announced that his witnesses would testify Terrill was alone with his grandson due to a scheduling mistake, and Terrill immediately called family members to pick up the child upon discovering the child when he returned home. Defense counsel stated Terrill had no intention to violate his probation. Defense counsel requested the trial court to impose a 180-day jail sanction and to require Terrill to enroll in sex offender counseling. After finding Terrill violated the condition to which he pled true, the trial court followed defense counsel's request, imposed a 180-day jail sanction, and ordered Terrill to enroll and participate in sex offender counseling upon his release from jail. The trial court cautioned Terrill, "Any other violation no matter what it is, the Court will revoke and send you to prison." The trial court later addressed the complainant's family and assured them Terrill would "receive the maximum penalty available to this Court by law" if Terrill had any future violations.

In February 2014, Terrill appeared before the trial court on his own motion to modify the conditions of his community supervision. Terrill requested his grandson be allowed to live with

him as long as there was constant supervision. The trial court heard evidence regarding the need for Terrill's eleven-year-old grandson to live with him. First, Terrill's son, the grandson's father who had custody of him, had lost his job, was unemployed, and needed to live with Terrill. In addition, Terrill's brother was dying of cancer, Terrill's niece had a new baby, and no other living arrangement was available for Terrill's grandson. On cross-examination, Terrill admitted that his underlying case occurred while he was the caregiver of the complainant. The trial court initially stated it was inclined to allow Terrill's grandson to live in Terrill's house subject to supervision; however, based on the State's arguments, the trial court continued the hearing to obtain information from Terrill's counselor. In March 2014, when the hearing resumed, the trial court stated it had read the letter from the counselor and denied Terrill's request to modify the condition based on the counselor's recommendation.

In May 2014, the State filed another motion to proceed with adjudication of guilt again alleging multiple violations. In addition to numerous violations for failure to pay required fees and costs, the State alleged Terrill violated the condition requiring him to attend and successfully complete sex offender treatment and to comply with all rules and instructions of the sex offender treatment provider. The motion stated Terrill was discharged from the sex offender counseling program on April 23, 2014, for not complying with program rules. The motion further stated Terrill owed an outstanding balance to the program and had not completed the required assessments. Finally, the motion stated Terrill was not progressing in treatment or reducing his risk to the community.

In July 2014, the trial court conducted a hearing on the State's motion. The State first offered into evidence the letter from Terrill's sex offender program counselor dated April 23, 2014. The letter was admitted without objection. The letter noted when Terrill registered with the program on December 3, 2013, he agreed to follow the program rules, but he had not met that

agreement. The letter also noted Terrill owed the program $740.00, and he had not completed the required assessments that were to be completed within the first 90 days of treatment. The letter further noted, "It is clear the client is not progressing in treatment or reducing his risk to the community." The letter concluded, "Our program is designed specifically to rehabilitate sex offenders. Treatment is most effective with the offender's cooperation, commitment to the treatment program and strict adherence to the treatment contract. Mr. Lawrence Terrill may return to the program when he meets his obligations and is willing to follow the program rules."

Kevin Allen, Terrill's Bexar County probation officer, also testified at the hearing. Allen stated Terrill was not doing well in treatment based on concerns expressed by his counselor that he was not progressing. Based on a home visit, Allen also discovered Terrill had installed cable television that gave him access to pornographic channels. Allen further testified Terrill never accepted responsibility for his offense and, instead, "really blamed the victim." Allen stated Terrill had not been successful on probation because he had not been compliant with the court orders, had not accepted responsibility, and did not progress in treatment.

The final witness called to testify was Guadalupe Torres, who was Terrill's Medina County probation officer before his probation was transferred to Bexar County. Torres also testified Terrill had not been successful on probation because he had been discharged from sex offender counseling. On cross-examination, Torres agreed Terrill's monthly progress reports from the sex offender counseling program from December 2013, January 2014, and February 2014, all showed Terrill's progress as being "good" with the exception of one "fair" ranking.

After hearing all of the foregoing evidence and closing arguments, the trial court announced its ruling as follows:

> THE COURT: Okay, with regard to the testimony that's been presented, the Court makes a finding of true as to each allegation with the exception of allegation number 16 contained within the State's motion to adjudicate. I want to state for the

record that should the allegations be solely financial in nature, neither the State nor the Court would consider revoking and sentencing someone to prison. However, failure to participate in Court ordered counseling and consistent failure to participate, the Court makes a finding of true as to that and based upon that finding would adjudicate Mr. Terrill of the offense of indecency with a child, find him guilty thereof, and sentence him to 15 years confinement in the Texas Department of Corrections.

The trial court subsequently signed a judgment consistent with its verbal pronouncement, and Terrill appeals.

### DUE PROCESS VIOLATIONS

In his first and second issues, Terrill argues the trial court violated his due process rights by failing to consider the mitigating evidence and the full range of punishment and for not being fair and impartial. Terrill's argument focuses on the statements made by the trial court during the June 2013 hearing on the State's first motion to adjudicate. As previously noted, the trial court warned Terrill at that hearing that in the event of any future violation, the trial court would revoke and send him to prison. The trial court also told the complainant's family if Terrill had any future violations, Terrill would "receive the maximum penalty available to this Court by law."

"A court's arbitrary refusal to consider the entire range of punishment is a denial of due process." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). "And despite a judge's wide discretion in determining the proper punishment in a revocation hearing, due process requires the right to a hearing before a neutral and detached hearing body." *Id*. "Absent a clear showing of bias," however, "a trial court's actions will be presumed to have been correct." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *see also Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd) (same).

As previously noted, Terrill relies on the trial court's statements during the prior hearing to support his due process contentions. The Texas Court of Criminal Appeals, however, has stated that a trial judge's "admonition — that he would impose the maximum sentence if [the defendant]

violated his probation — does not, by itself, show prejudgment of punishment." *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005). Instead, the cases establish such an admonition must be accompanied by additional evidence or record support to establish a trial judge's bias or failure to consider the entire range of punishment.

For example, in *Ex parte Brown*, the applicant in a post-conviction application for writ of habeas corpus asserted the trial judge refused to consider the full range of punishment at the hearing on the state's motion to adjudicate. 158 S.W.3d at 451. At the hearing on the state's motion, the trial judge reminded the applicant that he told him what he "was going to do if [the applicant] did this." *Id*. When the applicant acknowledged the trial judge told him that he would give him twenty years if he failed to report, the trial judge responded, "Watch me. Pay attention." *Id*. The trial judge then sentenced the applicant to twenty years in prison, the maximum punishment. *Id*. at 452.

After stating the trial court's original admonition did not, by itself, show prejudgment of punishment, the Texas Court of Criminal Appeals noted the record contained additional evidence useful in resolving the due-process issue of prejudgment of punishment. *Id*. at 453. First, the record contained a number of other cases in which the same trial judge assessed a maximum sentence after similar threats. *Id*. at 452, 453. In addition, the record contained the trial judge's testimony from the post-conviction habeas hearing. *Id*. at 454-56. At the hearing, the trial judge stated that he sentenced defendants to prison for failing to report 99.2 percent of the time. *Id*. at 454. The trial judge also testified that he did not remember anything about the applicant's case, and based on his review of the reporter's record from the adjudication hearing, "it looked to him as if he was simply making good on a promise he had made during the original plea hearing." *Id*. at 455. Based on this testimony, the court concluded, "There is nothing in this record to suggest that applicant's case falls into the .8% of the cases in which [the trial judge] did not follow his

normal routine." *Id.* at 456. Accordingly, the court's holding that the trial judge pre-judged the punishment he would assess on revocation was supported by far more evidence than the trial judge's initial admonishment.

Similarly, in another case cited by Terrill, this court relied not only on the trial judge's earlier admonition but also on statements made by the trial court at the actual sentencing hearing to support its conclusion that the trial court failed to consider the full range of punishment. *Howard v. State*, 830 S.W.3d 785, 787-89 (Tex. App.—San Antonio 1992, pet. ref'd); *see also Earley v. State*, 855 S.W.2d 260, 262-63 (Tex. App.—Corpus Christi 1993), *pet. dism'd as improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994) (relying on comments made during revocation hearing in addition to initial admonition to conclude appellant was denied due course of law). Finally, in *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—Dallas 1991, pet. ref'd), the trial judge asked the probation officer at the adjudication hearing whether the judge promised the defendant anything if the defendant violated his probation. When the probation officer informed the trial judge that he promised the defendant twenty years, the trial judge responded by imposing a twenty-year sentence. *Id.*

Unlike the foregoing cases, the record in this case does not support a showing of bias or the trial court's failure to consider the full range of punishment. First, although the trial court told the complainant and her family Terrill would be sentenced to "the maximum penalty available" to the court in the event of a violation, Terrill was not sentenced to the maximum penalty of twenty years. Second, the record established the trial court's willingness to consider all of the evidence when the trial court was initially inclined to modify the terms of Terrill's community supervision during the hearing in February 2014. Finally, at the adjudication hearing, the trial court never referred to its earlier admonishment; instead, the record establishes the trial court pronounced Terrill's sentence only after listening to all of the evidence presented at the hearing. *See Brumit*,

206 S.W.3d at 645 (distinguishing *Jefferson* and *Earley* because the record showed the trial court considered the evidence presented before imposing sentence). In pronouncing sentence, the trial court initially stated its finding of true was based on the "testimony that's been presented." The trial court then specifically explained the finding of true was based on the evidence presented of Terrill's "failure to participate in Court ordered counseling and consistent failure to participate." Because the record does not contain a clear showing of a bias sufficient to overcome the presumption the trial court acted properly, *see id.*, Terrill's first two issues are overruled.

### SUFFICIENCY OF EVIDENCE

In his third and fourth issues, Terrill contends the evidence is insufficient to support each violation alleged by the State. In addition, Terrill contends the State failed to prove his ability to pay with regard to the allegations that he violated conditions requiring him to pay costs and fees. The State responds this court need not consider Terrill's ability to pay because the evidence is sufficient to support Terrill's revocation based on his failure to complete his sex offender counseling.

"In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision." *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). "'[A] preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (quoting *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006)). "It is clearly settled that in a proceeding to revoke probation, the trial judge is the sole trier of the facts, the credibility of the witnesses and the weight to be given to particular testimony." *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. [Panel Op.] 1980).

The counselor's letter stating Terrill was terminated from the treatment program because he was not progressing in treatment is evidence supporting the allegation that Terrill failed to attend and successfully complete the sex offender treatment and to comply with the rules and instructions of the sex offender treatment provider. Although Terrill construes the letter as being primarily based on financial considerations, the trial court, as the sole trier of fact, could construe the letter as referring to Terrill's refusal to cooperate and his refusal to strictly adhere to the treatment contract. Such a construction is consistent with Allen's testimony that Terrill refused to accept responsibility because he continued to blame the victim.

Terrill also argues this court must examine the counselor's use of her discretion to terminate him from the program to ensure her decision was rationally based and connected to the purposes of the community supervision. *See Leonard*, 385 S.W.3d at 577 (holding third party's use of discretion must be examined where revocation is based on term of community supervision subject to third party's discretion). Terrill relies on evidence he had received acceptable progress reports from the sex offender treatment program to assert his counselor's decision to terminate him from the program was not rational. Again, the trial court as the sole trier of fact was required to weigh these progress reports against the counselor's subsequent letter. Because the counselor's statements that Terrill was not progressing in his treatment were consistent with the testimony of both probation officers, the trial court could have determined the progress reports were less credible and entitled to be given less weight.

Having reviewed the record, we hold sufficient evidence supported the trial court's finding that Terrill violated the condition of his probation requiring him to attend and successfully complete sex offender treatment and to comply with all rules and instructions of the sex offender treatment provider. Therefore, we need not consider the sufficiency of the evidence to support the

remaining allegations.  *See Leonard*, 385 S.W.3d at 576 (stating trial court has discretion to revoke probation where evidence supports one alleged violation).

## CONCLUSION

The trial court's judgment is affirmed.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH