**Opinion filed January 23, 2020**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00221-CR & 11-17-00251-CR

_____

## ROBERT LICON, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. D-16-1769-CR & D-16-1768-CR**

## M E M O R A N D U M   O P I N I O N

Robert Licon, Jr. pleaded guilty to two first-degree felony offenses, one for causing serious bodily injury to a child by omission (D-16-1768-CR) and one for causing serious bodily injury to a child "by grabbing the [child] about the leg" (D-16-1769-CR). The trial court deferred the adjudication of Appellant's guilt in both causes and placed Appellant on community supervision for a period of eight years. Subsequently, the State moved to revoke community supervision and adjudicate Appellant's guilt. The trial court accepted Appellant's pleas of "true" to the

allegations in the State's motion and found that Appellant had violated certain terms of his community supervision. The trial court adjudicated Appellant guilty of both offenses and assessed punishment at two life sentences of confinement, to run concurrently; it also assessed a fine of $1,000 in the first case and a fine of $646 in the second case. In his sole issue in each appeal, Appellant contends that the trial court arbitrarily refused to consider the full range of punishment and, thus, denied Appellant of his right to due process. We affirm.

The State charged Appellant with two first-degree felony offenses of injury to a child. As part of a plea arrangement, the State recommended a deferred adjudication period of eight years on each offense, to run concurrently. At the plea hearing, the trial court stated that it "reluctantly" accepted Appellant's pleas of guilty to both offenses. The trial court admonished Appellant that any failure to abide by the terms and conditions of Appellant's rules of community supervision could result in the adjudication of his guilt, and it listed the various options available to the trial court in that regard. The trial court then made two comments to Appellant regarding his community supervision:

> THE COURT: Mr. Licon, the reason I commented to you that I was reluctantly accepting your pleas of guilty to these offenses was based on my review of the pre-sentence investigation report, which outlines the injuries to this child. It is ridiculous. That is highly an understatement. So I would like to encourage you to be compliant with your rules of community supervision, because if you are not, the consequences for you are to be most severe.
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Are you sure you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And I will tell you something. If you come back before this Court, having committed an offense like this, it is going to be a bad day for you.

2

Under the terms of his community supervision, Appellant was to abstain from the use of drugs.

Less than four months after the trial court had placed Appellant on community supervision, the State filed its motion to revoke his community supervision. The motion alleged that Appellant used methamphetamine on two separate instances. At the revocation hearing, Appellant pleaded "true" to both of the State's allegations. Appellant's community supervision officer, Deyda Alli, testified that Appellant was generally candid with her regarding the instances of drug use. However, she concluded that continued probation would likely not be effective in Appellant's case based on his failure to acknowledge his drug issue and to engage in a drug rehabilitation program. After finding the State's allegations to be true, the trial court adjudicated Appellant guilty of both offenses and sentenced him to two concurrent life terms of imprisonment in the Texas Department of Criminal Justice.

Appellant argues that the trial court's admonitions during the deferred adjudication hearing amounted to a prejudgment that implied an unwillingness to consider the full range of punishment. We cannot agree.

Trial courts have broad discretion to determine the proper punishment in a revocation or an adjudication proceeding. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.108, .110 (West 2018), art. 42A.751(d) (West Supp. 2019); *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). However, due process requires a hearing before a neutral and detached judge who considers the full range of punishment and the evidence presented. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). A judge's arbitrary refusal to consider the entire range of punishment constitutes a denial of due process. *Grado*, 445 S.W.3d at 739. A judge who assesses a predetermined sentence denies an accused the right to due process by failing to consider the full range of evidence. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Jefferson v. State*, 803 S.W.2d 470, 471 (Tex. App.—

3

Dallas 1991, pet. ref'd)). Absent a clear showing of bias, we presume that the trial court's actions were correct. *See id.* (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

In this case, nothing in the record suggests that the trial court did not consider the full range of punishment or that it failed to consider the evidence presented and imposed a predetermined sentence. First, the trial court's comments do not reflect a promise to impose the maximum sentence if Appellant failed to abide by the terms of his community supervision. However, without other evidence or indications of prejudgment in the record, even an admonition that the trial court would impose the maximum sentence upon a violation of the terms of probation does not, by itself, show prejudgment of punishment. *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005); *see Jefferson*, 803 S.W.2d at 472 (holding that defendant's due process rights were violated where judge expressly promised to impose the maximum sentence and judge's later statements during adjudication hearing confirmed his assessment of that promised punishment). The record before us shows that the trial court did not make any comments that suggested that it considered less than the full punishment range.

The record also establishes that the trial court considered the evidence when it imposed its sentence. Based on Appellant's pleas and the evidence presented, the trial court found the State's allegations to be true. Subsequently, the trial court adjudicated Appellant's guilt for the original offenses of injury to a child. Before it assessed punishment at a term of imprisonment, the trial court stated that it could not "in good conscience extend [Appellant's] period of community supervision in light of [Appellant's] failure to comply, and in light of the circumstances underlying the offenses to which [Appellant] enter[ed] pleas of guilty." The trial court convicted Appellant of both first-degree felony offenses, and both sentences were within the allowable range. *See* TEX. PENAL CODE ANN. § 12.32 (West 2019).

There is no evidence that the trial court arbitrarily refused to consider the full range of punishment or that its comments indicated the imposition of a predetermined sentence. Therefore, we must presume that the trial court was fair and impartial. We overrule Appellant's sole issue in each appeal.

We affirm the judgments of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


January 23, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.